[Civ. No. 1901. Second Appellate District.—April 3, 1917.]

## CONNELL COMPANY (a Corporation), Appellant, v. ARTHUR JENNER, Respondent.

Master and Servant—Compensation for Services—Unauthorized Retention of Collected Moneys.—In an action by a corporation to recover sums of money collected by an employee from debtors of the corporation, he cannot set up as a defense that he had the right to retain such moneys under a claim of increased compensation for his services, where such claim was based upon a notice demanding such an increase to which the corporation never gave its assent, notwithstanding the defendant continued to serve the corporation after the giving of such notice, and the corporation made no objection thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellant.

Kendrick & Ardis, J. C. Craig, and Edward Winterer, for Respondent.

JAMES, J.—Appeal by the plaintiff taken from an adverse judgment and presented on the judgment-roll.

The complaint of plaintiff contained statements of four alleged causes of action, the first two only of which need to be considered. In the first cause of action it is alleged that on the first day of February, 1912, and subsequent thereto, defendant was employed by the plaintiff under an arrangement by which defendant was to devote his time and services in the business of the plaintiff for a salary of one hundred dollars per month, with an additional sum of $20 per month to be paid to him for the use of an automobile. In this cause of action it was further alleged that defendant had received and collected from debtors of the plaintiff the sum of $443.86 in excess of the amounts which he had earned by reason of the agreement aforesaid, and which excess sum of money he had refused to pay to the plaintiff upon demand. The second cause of action was in the form of a common count for the same amount of money as money had and received by the defendant to and for the use of the plaintiff. By way of answer the defendant alleged that on or about the first day of March, 1909, he entered into an agreement with the plaintiff to render services for the compensation of one hundred dollars per month, and that in May, 1909, there was added to his compensation the sum of $20 per month for the use of his automobile. He alleged that that arrangement was to continue for a period of one year, but that he continued to render services until December 31, 1910, without any further agreement for a different compensation, and that he collected and received up to December 31, 1910, the sum of $120 per month according to the agreement, although he alleges that his services were worth the sum of $150 per month. He then alleged that about the first day of December, 1910, he notified the manager of the company that if he continued to work for the plaintiff company, "he must have $150 per month," and that he would retain that amount out of moneys collected by him, and that plaintiff nor its manager made any objection thereto; that defendant continued to serve the plaintiff and to retain the sum of $150 per month; that his services continued up to the fifteenth day of March, 1913. The court made findings by which the facts were determined to be that on or about the first day of March, 1909, the defendant was employed by the plaintiff at the monthly com-

pensation of one hundred dollars, and that about the first day of May, 1909, an agreement was made allowing to defendant $20 per month additional for the use of an automobile, and that defendant continued in the employ of plaintiff until the sixth day of March, 1913. Further facts are found in the following terms: "That in the month of December, 1910, the defendant demanded of the plaintiff that his salary be thereafter raised to the sum of $150 per month for his services and for the use of his said automobile. That said demand was made of the plaintiff through the secretary and treasurer of the plaintiff, one Madge H. Connell. That thereupon the said Connell failed to refuse said demand, and failed to accede to said demand, and failed to discharge the defendant from the employ of the plaintiff. That thereafter at the direction of the defendant the bookkeeper for the plaintiff entered upon the books of plaintiff in the account of said defendant for the months of January and February, 1911, a credit to the defendant of $150 for each of said months as salary. Thereafter the fact of said entries was brought to the attention of the said Connell, who voiced objections to the same to the defendant, and called the attention of the president of the plaintiff thereto. That said president thereupon instructed the defendant that he had no right to raise his own salary, and pursuant to the instructions of said president, on the twenty-eighth day of February, 1911, a charge was made upon said books against the defendant in the sum of $60 for excess in salary. That at all times thereafter said account upon said books of defendant was credited with the sum of $120 per month and no more. That said books were at all times open to the inspection of the defendant, and were inspected by him and he had knowledge of the fact of all of said entries. That thereafter up to the time of the termination of the employment of the defendant the defendant and said Connell continued to quarrel and dispute with each other as to the amount of the salary of the defendant." It was further found that it was not true that the defendant was employed for the period of one year, "or for any other definite period of time." It was also found that the defendant had collected the sum sued for by the plaintiff, and that such sum was in excess of the amount of money which would be due him under the compensation as agreed of $120 per month. It was further found that it was not true that defendant's

services were worth $150 per month, but that it was true that about the first day of December, 1910, the defendant notified the manager of the company that if he continued to work after the 31st of December, he must have $150 per month, and that plaintiff nor its said manager made any objection at that time, and that the defendant was credited with the sum of $150 per month for the months of January and February, 1911. This finding then follows: "That it is true that the services of the said defendant after January 1, 1911, continued during all the time from that date until on or about the fifteenth day of March, 1913, with full knowledge on the part of the manager of the plaintiff and of its directors. But it is not true that said services continued with full knowledge that the defendant has given notice that he would serve the company only on the condition that he was paid or allowed to draw from the company $150 per month during the time that he served the plaintiff." The findings, as will be noted, were somewhat contradictory. The substance, however, of the findings, to our minds, clearly negatives the conclusion that the defendant at any time was serving the plaintiff company under any different arrangement as to compensation than that originally entered into by him. Up to the time that he sought to secure an increase in compensation there was no dispute as to the terms of his employment, and if he continued to work for the plaintiff without any agreement consented to by the plaintiff which would change that compensation, we think that it must be inferred as a legal conclusion that he consented to work for the compensation theretofore agreed upon. It appears from the findings that while a credit of $150 per month was entered for two months, that credit was not authorized by the plaintiff company, and that the excess was charged back to the defendant, and that he continued to work many months thereafter with the accounts on the books of the company showing a credit of compensation as originally agreed upon only, and that he had knowledge of the fact that the books were so kept. Counsel for respondent argue that the plaintiff declared upon an express contract which the court found to be different from that alleged; but we do not think that such is the effect of the findings. At any rate, under the allegations of the second alleged cause of action, plaintiff was entitled to have ascertained the amount

due to the defendant in order to have fixed the amount which it was alleged he had collected and not accounted for.

By a supplemental complaint the plaintiff sought to set up certain facts regarding a judgment of the justice's court wherein the assignor of the defendant had brought suit on behalf of the defendant to recover from the plaintiff certain money alleged to be due, and by reason of which judgment it was asserted defendant was estopped from claiming any offset against the demand of the plaintiff. We do not think that that judgment was properly pleaded in bar under the condition of the issues; but in the view we have taken of the case that matter becomes immaterial here.

The judgment is reversed in order that a new trial may be had.

Conrey, P. J., and Shaw, J., concurred.