[Civ. No. 1839.   Second Appellate District.—April 28, 1917.]

N. E. CONKLIN, Respondent, v. S. A. WOODY, Appellant.

COUNTIES—EMPLOYMENT OF SPECIAL COUNSEL—DELEGATION OF AUTHOR-
ITY BY SUPERVISORS—LACK OF AUTHORITY.—*Under section 4041,*
subdivision 16, of the Political Code, which authorizes boards of
supervisors to direct and control the prosecution and defense of all
suits to which the county is a party and by a two-thirds vote of all the
members, to employ counsel to assist the district attorney in conduct-
ing the same, the board has no authority to delegate to the district
attorney or to any other person the right to employ special counsel,
as the board alone is authorized to make the employment.

ID.—EMPLOYMENT OF COUNSEL IN CRIMINAL CASES—INCREASE OF COM-
PENSATION OF DISTRICT ATTORNEY.—*Under section 4041, subdivi-*
sion 16, of the Political Code, it is beyond the power of a board of
supervisors to subject the county to any expense for the employ-
ment of counsel to act in criminal cases, and moreover, by so doing,
the compensation of the district attorney would be increased, which
is forbidden by the constitution.

APPEAL from a judgment of the Superior Court of Kern
County.   Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, for Appellant.

N. E. Conklin, *in pro. per.*, for Respondent.

JAMES, J.—Appeal from a judgment directing the issu-
ance of a mandate against the defendant requiring him, as
auditor of the county of Kern, to draw a warrant in favor
of the petitioner in payment for services and certain expenses
incurred as described in the demand of petitioner filed and
approved by the board of supervisors of said Kern County.

On the second day of March, 1915, the board of supervisors
of Kern County, by more than a two-thirds' vote, adopted the
following resolution:

"It appearing to the satisfaction of the board that the
communication delivered to this board on the 10th day of
February, 1915, from the District Attorney, discloses the situ-
ation supported by facts that make it necessary, in order to
have the cases now pending in our Superior Court and which

were pending at the time the present District Attorney entered upon his duties, promptly and diligently prosecuted, as the law requires, in connection with the handling of the current business of the County; that it will be necessary for the District Attorney to incur expense in the employment of special prosecutors or counsel, and it further appearing from said communication and from facts within the knowledge of this board that action should be instituted for the recovery of penalty upon bonds given to the county on bail for present fugitives from justice and under liquor licenses revoked, and the board being of the opinion that it would be in the interest of the county to have this work done forthwith, and such expense incurred therefor; Be it Therefore Resolved that the necessity for incurring of said expense exists, and that the District Attorney be and he is hereby authorized to incur for the purpose of employing not exceeding three special prosecuting attorneys or counsel for a term or terms not to exceed three months, not to exceed $125.00 per month for each of such prosecutors or counsel, such services to be rendered in the prosecution of criminal cases and prosecuting of suits upon said bonds.''

Pursuant to the authority alleged to have been conferred by this resolution, the district attorney employed petitioner and he later filed his demand with the board of supervisors. The demand was itemized as required by law, the first item of which was for rental of an automobile in traveling from Bakersfield to Taft ''in investigation and searching for evidence in criminal case of *People* v. *Aden,* $10.00.'' The second was of a like kind for automobile use to certain points in Kern County and itemized as being ''in case of *People* v. *Reigan,* expense of District Attorney's office, $15.00.'' The last item was stated as follows: ''To services as special prosecutor and counsel in prosecution of criminal cases and in prosecution of suits upon bonds, being bail bonds and liquor bonds, said claim being for services rendered for and during March, 1915, per resolution of the Board of Supervisors, $125.00.'' By this appeal two questions are made as against the judgment: (1) That the board of supervisors was without power to delegate to the district attorney the right to employ special counsel for any purpose in either civil or criminal cases; (2) That the board of supervisors was without power to make any employment of special counsel, except

for the purposes of suits to which the county was a party. Among the enumerated powers of boards of supervisors as contained in section 4041, subdivision 16 of the Political Code, such boards are authorized "to direct and control the prosecution and defense of all suits to which the county is a party and by a two-thirds vote of all the members, may employ counsel to assist the district attorney in conducting the same." A provision in like terms has been inserted in the various county government acts in force for many years. By this provision a board of supervisors is authorized to contract with outside counsel and employ such counsel for the purpose of assisting the district attorney in conducting "suits to which the county is a party." The authority is not given to the board to authorize some other person to make the employment. We apprehend that it would be essential, where such employment is made, that the board of supervisors pass a resolution declaring its determination so to do, and specifying the name of the person employed and the terms of the employment. The resolution first recited herein does not purport to make an employment of any person for any of the purposes specified. Therefore, we think that the claim as presented by petitioner was not one which the board was authorized to allow.

For the purpose of considering the second point made, we may assume (our conclusion being to the contrary, however), that the employment of petitioner by the district attorney was regular, and that the board of supervisors could in the manner attempted delegate its authority. There is the further limit placed upon the power of the board to be exercised in that direction, to wit, that it may only employ counsel to assist the district attorney in "suits to which the county is a party." (*County of Modoc* v. *Spencer*, 103 Cal. 498, [37 Pac. 483].) From the resolution as adopted by the board, it appears that the employment intended to be authorized was a general one, and that it was intended to give the district attorney the right to have assistance at the cost of the county for the prosecution of criminal cases, as well as in suits to recover the penalty upon various bonds. It was beyond the power of the board of supervisors to subject the county to any expense for the employment of counsel to act in criminal cases. Moreover, by so doing, the compensation of the district attorney would be increased, which is forbidden by the

constitution. The itemized claim filed by petitioner shows that the services for which he claimed compensation of $125 were services rendered in both criminal cases, and in the prosecution of suits upon bail and "liquor" bonds. It may have been that the expense incurred for auto hire could have been properly allowed as contingent expense of the district attorney authorized to be paid by section 4307 of the Political Code, but the board of supervisors was not advised by the statements contained in the demand of petitioner as to how much of the $125 claimed was for services in criminal cases for the allowance of which no authority of law existed.

The judgment is reversed.

Conrey, P. J., and Works, J., pro tem., concurred.