[Civ. No. 6673. Second Appellate District, Division Two.—April 29, 1931.]

STRUCK & JOHNSON COMPANY (a Corporation), Respondents, v. WM. F. BROWN et al., Appellants.

Hugh L. Dickson for Appellants.

Paul A. Amos and Harry Ellis Dean for Respondents.

CRAIG, J.—The respondent copartners were awarded judgment in the Superior Court of Los Angeles County for moneys alleged to have been due them as contractors and the defendants appealed.

Appellants entered into a contract, designating themselves as owners, by the terms of which they agreed to finance the erection of a certain building, and respondents agreed to construct the same for a specified amount of money. Thereafter respondents prepared specifications for the building. Appellants executed and delivered to a title company their escrow instructions, therein promising to deliver to it a trust deed and note "which you are authorized to deliver or use upon payment to you within 10 days from date hereof for my account the sum of $5,000, the balance of the proceeds of said loan being paid outside of escrow. . . . It is understood and agreed that the reverse side of this sheet is incorporated in and made a part of these instructions. Pay Struck and Johnson Company $625.00. . . . Deliver order for $625.00 payable to Struck and Johnson Company, handed you herewith and the above sum of $625.00 cash when you hold for delivery to us the copy of the Builder's contract executed by ourselves as owners and said company as contractors under date of June 25th, now held in your files. In the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein, you are instructed to com-

plete the same at the earliest possible date thereafter, unless I shall have made written demand upon you for the return of all instruments deposited by me.'' The contractors also delivered to the escrow-holder their building contract with written instructions ''to deliver to said owners when you hold for the account of said contractors the sum of $625.00 in cash and an order addressed to Roy T. Dalton, . . . signed by said owners, authorizing payment to said Struck and Johnson Company of the sum of $625.00 from proceeds of loans to be placed of record . . . said moneys to be paid from the 1st and 2nd payments made from said loans during the construction of said building''. This document was dated August 23, 1928.

It is contended by appellants that as a condition precedent to the two obligations of $625 each, respondents were bound by their contract to obtain a loan from which said amounts should be paid. As to this fact, upon which the controversy apparently turns, there is conflicting evidence. The original contract was executed in June, and respondents testified that during June and July arrangements were completed for the loan which they had agreed to negotiate, but that through manipulations of appellants the same was frustrated. It also appears by considerable positive testimony that appellants informed their contractors that a loan had been perfected elsewhere, and that appellants would pay them $1250 for services rendered to date in preparing plans and specifications which would be used, and in negotiating the original loan, which compromise was accepted. The amount so earned was therefore the subject matter of respondents' above-mentioned orders on the trust company, and though the manner of payment was specified therein, the obligation was not dependent upon a consummation of the new loan. It was admitted, however, that a loan was perfected, and the building was completed for appellants by other contractors. This being the agreement as the trial court unquestionably viewed it, nothing remained for respondents to do in the premises, since by a novation the original contract became a nullity.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.