## IRVING TRUST CO. v. WIESER PRODUCTS CORPORATION.

Circuit Court of Appeals, Second Circuit.
June 25, 1934.

Emanuel Redfield, of New York City, for appellant.

George C. Levin, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

### PER CURIAM.

The appellant is a corporation, Wieser Products Corporation, formally separate from the bankrupt, though closely connected with it, financially and commercially, in various ways not necessary to set forth in detail. The receiver of the bankrupt moved in the District Court to compel this corporation to turn over all its assets, on the ground that the two companies were in fact one. In re Muncie Pulp Co., 139 F. 546 (C. C. A. 2). The judge heard the application upon the receiver's petition, supported by the affidavit of an accountant, and an answering affidavit of an officer and shareholder of the respondent. On these he directed the respondent to turn over its property to the receiver, and authorized the receiver to "deal with" it as assets of the bankrupt; that is, to adminis-

ter it as part of the estate. From this order the respondent appealed, and now asks a stay on the ground that as it was an adverse party, the court had no summary jurisdiction. Neither the answering affidavit nor the recitals in the order suggest that the respondent raised such an objection in the District Court.

In effect the cause was heard on the pleadings; and, as the petition was plainly, though informally, denied, we will assume arguendo that it would not support an order finally disposing of the cause against an adverse party or indeed even against a party who though adverse, by failure to object to the court's jurisdiction, was in the position of submitting to a decision on the merits. That, however, did not end the court's jurisdiction; it had still power to inquire into the facts, to ascertain by taking evidence whether the claim was merely colorable, if that objection had not been abandoned by the answer, or whether, if it had, the receiver was right, on the merits. In re Holbrook Shoe & Leather Co. (D. C.) 165 F. 973, 975, 976. Pending that final determination, it had power to impound the property so as to secure it, should the case go against the respondent in the end. That was a preliminary remedy like an injunction, quite independent of the final disposition.

Even that relief should not indeed go as of course and could not in any case include administering the assets. There must be some good reason for impounding property even temporarily, some reason for supposing that the eventual proceeding would go in the receiver's favor and that the respondent might make away with it. But that is quite another question from whether the judge could finally decide the case on the pleadings before him. We think that the facts admitted by the answering affidavit are enough to justify sequestering the assets pendente lite; the companies were so interwoven as to make it extremely likely that they were no more than two facets of one stone. An injunction would certainly have been reasonable, but would in our judgment have been insufficient protection. It is true that the judge did not "extend the receivership," as the parties called it, on the theory that that was merely a provisional remedy; he meant finally to decide the controversy, and we are assuming that in this he was wrong. It is for us, however, to decide whether, even on that assumption, the situation does not now demand the preservation of some part of the relief granted, though on a different theory. We think it does, and that, while the receiver should be stayed from administering the re-

spondent's assets, it should keep possession of them pending the appeal. In view of what we have already said, it is possible that the appellee may be willing to agree to the reversal of so much of the order as finally adjudicated the issues, and to consent to a reference before the referee on the merits. Although the appeal is not now before us, there is so little doubt as to the result that it scarcely seems worth while to contest it. In that case the receiver would continue to hold possession until the merits were finally decided. All we have power to do, however, unless the appellee does consent, is to deny the stay except as above indicated.

Receiver stayed from disposing of the assets; otherwise stay denied.