[Civ. No. 12145.   Second Appellate District, Division Two.—August 21, 1939.]

CHARLES G. ECKART, Respondent, v. HELEN A. BROWN, Appellant.

George Edward Acret and Vallee, Beilenson & Kenny for Appellant.

Frank S. Balthis, Jr., for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover the purchase price of shares of stock defendant Helen A. Brown appeals.

The essential facts are:

March 28, 1936, Helen A. Brown entered into an agreement with H. R. McClintock, which read thus:

> "Los Angeles, California.
> "March 28, 1936.

"Mr. H. R. McClintock,
    "Los Angeles, California.
"Dear Sir:
    "This will confirm our oral understanding.
    "As soon as Pacific Outdoor Advertising Company issues to me 21,900 shares of its common stock, I will place the same

under a voting trust agreement, a copy of which has already been submitted to you.

"In consideration of your accepting the offer of employment of Pacific Outdoor Advertising Company upon the basis set forth in Exhibit A hereto attached, I agree to transfer to you, at the end of the first year of your employment under said contract, all of my right, title and interest in and to 1,875 shares of common stock of Pacific Outdoor Advertising Company, to be held under said voting trust agreement, and agree to transfer to you a like amount at the end of the second year and a like amount at the end of the third year of such contract.

"If said contract of employment is terminated by you or by Pacific Outdoor Advertising Company at the end of the first or second year, my liability to transfer my interest in said shares of common stock shall cease, except with respect to the year or years you have rendered service under such contract. In the event such contract is terminated prior to the expiration of the three-year period, without fault on your part, other than at the end of the first or second year of the term thereof, I agree to transfer to you, for the portion of year you rendered services, all of my right, title and interest in such number of shares of said common stock as is in the same proportion to 1,875 as the number of full months you have rendered services in such portion of a year bears to twelve.

"As provided in said voting trust agreement, you shall be entitled to receive, upon the termination of your employment by Pacific Outdoor Advertising Company free and clear from said voting trust agreement, the number of common shares which the undersigned hereby agrees to transfer to you.

"You agree that you will not transfer or sell your interest in said shares of common stock to any person or corporation in competition with Pacific Outdoor Advertising Company in the same territory in which it is operating. You also agree that you will not transfer or sell to anyone else all or any part of your interest in said shares, without first giving me a thirty (30) day option to purchase your interest in such shares at the same price and upon the same terms and conditions as those upon which you propose to sell to someone else.

"Yours very truly,

"(H. A. Brown)

"The terms of the foregoing letter are hereby accepted and agreed to.

"H. R. McClintock."

September 10, 1936, H. R. McClintock with defendant Helen A. Brown's consent assigned his rights under the foregoing agreement to plaintiff by a document reading as follows:

"Assignment.

"Know all men by these presents:

"Whereas, under date of March 28, 1936, the undersigned entered into an agreement with H. A. Brown, a copy of which is attached hereto, marked Exhibit A:

"Now, therefore, for and in consideration of the sum of five thousand dollars ($5,000.00) paid to the undersigned by Charles G. Eckart, receipt of which is hereby acknowledged, the undersigned does hereby sell, transfer, assign and set over to Charles G. Eckart all of his right, title and interest in and to the above mentioned agreement between the undersigned and H. A. Brown in and to any and all shares of stock of Pacific Outdoor Advertising Company to which the undersigned is or hereafter may be entitled by virtue of said contract, and particularly certificate number 5 representing 1875 shares of common stock.

"This assignment is made without representation or warranty and without recourse upon the undersigned.

"In witness whereof, the undersigned has executed this assignment this 10th day of September, 1936.

"(Signed) H. R. McClintock

"The foregoing is hereby approved.

"(Signed) H. A. Brown."

At the same time defendants executed a contract with plaintiff reading as follows:

"Los Angeles, Calif.
"September 10, 1936

"Mr. Charles G. Eckart,
"Russ Building,
"San Francisco, California.

"Dear Sir:

"Concurrently with the delivery of this letter to you, you have entered into an agreement with Pacific Outdoor Advertising Company whereby said corporation has employed you at a salary of $500.00 per month for a period beginning to-

day and ending April 1, 1937; you have also acquired 1875 shares of the common capital stock of Pacific Outdoor Advertising Company, delivery of the certificate representing such shares, however, is not to be made to you until March 28, 1937. The undersigned jointly and severally agree that at any time between April 1, 1937, and April 1, 1940, at your written request, they will purchase from you for the aggregate purchase price of $3250 said 1875 shares of the common capital stock of Pacific Outdoor Advertising Company.

"Yours very truly,<br>
"(Signed)    H. A. Brown,<br>
"Hal W. Brown."

February 9, 1938, plaintiff made written demand that defendant repurchase the 1875 shares of stock referred to in the agreements of March 28, 1936, and September 10, 1936. A portion of the written demand, which was delivered to defendants, read as follows:

"With the delivery of this letter, I am personally tendering you herewith stock certificate for 1875 shares of the Common Capital Stock of Pacific Outdoor Advertising Co., and I hereby offer to transfer, deliver and endorse said stock certificate to you upon the payment to me of the sum of $3250.00; and I further offer to pay the transfer taxes or charges involved in this transfer of said certificate from me to you."

This demand defendants failed to comply with.

The questions necessary to be determined are:

*First: Did the transaction of September 10, 1936, constitute a novation?*

*Second: Did the complaint state a cause of action, since it did not allege that the plaintiff had complied with the conditions precedent to the commencement of an action for the recovery of the purchase price of property as required by section 1783, subdivision 3 of the Civil Code (Uniform Sales Act)?*

*Third: Was the judgment prejudicially defective, because it did not require the plaintiff to endorse the stock certificate to defendants and also pay the transfer tax and charges?*

*Fourth: Did the trial court err in permitting plaintiff to amend his complaint after the trial to conform to the proof by striking from the complaint the words which are in parentheses in the following paragraph:*

*"On or about January 9, 1937, pursuant to the agreement set forth in paragraph I above and upon the express written*

*consent and at the direction and request of defendants, said stock certificate for said one thousand eight hundred seventy-five (1, 875) shares of the Common Capital stock of Pacific Outdoor Advertising Company was transferred, assigned, endorsed and delivered to plaintiff and ever since said date plaintiff has been, (and now is, the owner of and) in the possession of said one thousand eight hundred seventy-five (1, 875) shares of the Common Capital stock of Pacific Outdoor Advertising Company and the stock certificate representing the same.''?*

The first question must be answered in the affirmative, and is governed by these principles of law:

(1) Novation is the substitution of a new obligation for an existing one and is made (a) by the substitution of a new obligation between the same parties with intent to extinguish the old obligation, (b) by the substitution of a new debtor in place of the former one with intent to release the latter, or (c) by the substitution of a new creditor in place of the former one with intent to transfer the rights of the former creditor to the new creditor. (Sec. 1531, Civ. Code; 46 Cor. Jur., (1928) 573, sec. 1.)

(2) The effect of a novation is to make the original agreement a nullity (that is, void and of no effect), and the rights of the new parties are governed solely by the new agreement. (*Struck & Johnson Co.* v. *Brown,* 113 Cal. App. 691, 693 [298 Pac. 1036]; *Conklin* v. *Woody,* 33 Cal. App. 554, 560 [165 Pac. 54]; 20 Cal. Jur., (1925) 253, sec. 7.) The novation in legal contemplation gives rise to a situation which is the same as if there had never been a former agreement or obligation.

Applying these rules to the present case, the agreement of September 10, 1936, between plaintiff and defendant H. A. Brown, together with the assignment of H. R. McClintock of the same date, approved by said defendant, resulted in a novation and a new agreement, whereby H. R. McClintock was released from all obligations to defendants and plaintiff was substituted in his place and stead in a contractual relation with defendants governed by their contract as evidenced by the written agreement between them dated September 10, 1936. Hence, unless one of the questions hereafter discussed is decided adversely to plaintiff, plaintiff was entitled to recover the sum of $3,250 from defendants, the agreement be-

tween them being a simple agreement, so far as we are here concerned, upon the part of the defendants to repurchase shares of stock from the plaintiff at a fixed price within a given period.

■ The second question must also be answered in the affirmative. It is clear that the contract here under consideration was as heretofore stated a simple agreement upon the part of the defendants to repurchase shares of stock from the plaintiff at a fixed price within a given period. Section 1783 of the Civil Code is a portion of the Uniform Sales Act, which has been adopted in California. California has also adopted the Uniform Stock Transfer Act. (Sec. 330 et seq., Civ. Code.) It has uniformly been held that the Uniform Sales Act does not include within its provisions a contract for the repurchase of shares of stock. (*Smith* v. *Lingelbach,* 177 Wis. 170 [187 N. W. 1007, 1008] ; *Goodhue* v. *State Street Trust Co.,* 267 Mass. 28 [165 N. E. 701, 704] ; *Millard* v. *Green,* 94 Conn. 597 [110 Atl. 177, 181, 9 A. L. R. 1610] ; 1 Uniform Laws Annotated, (1931) 15.)

■ The complaint in the instant case therefore stated a cause of action, as the rule is established in California that where there is a sale of stock accompanied with a repurchase agreement of the stock at a fixed price, the vendee after tender of the stock and demand that the vendor repurchase the same may upon making such allegations recover the amount specified in the agreement. (*Hulen* v. *Stuart,* 191 Cal. 562, 568 [217 Pac. 750].)

■ The third question must be answered in the negative. Though it is the better practice to require by the judgment that the vendee endorse the stock certificates in his possession, no prejudice resulted to the defendants in the present case, for the reason that it actually appears that the stock certificates properly endorsed have been deposited with the clerk of the superior court. The failure of the judgment to require plaintiff to pay a tax or transfer charge is entirely immaterial, since the agreement upon defendants' part provided for the payment of a specific sum of money and there is no provision in the agreement requiring plaintiff as a condition precedent to pay either of the suggested charges.

■ The final question must also be answered in the negative. Not alone has defendant H. A. Brown failed to show wherein she was prejudiced by the amendment allowed by the

trial judge, but it was the duty of the trial court to permit an amendment to the complaint to conform to the proof offered by plaintiff at the trial, when such amendment, as in the present case, was not prejudicial to defendants' interest.

For the foregoing reasons the judgment is affirmed.

Wood, Acting P. J., concurred.