[Civ. No. 17546.  Second Dist., Div. Two.  Nov. 1, 1950.]

THE PEOPLE ex rel. Department of PUBLIC WORKS, Respondent, v. J. E. AUMAN et al., Defendants; LELAND D. O'CONNELL et al., Appellants.

William H. Wadsworth and Edgar L. Fraser for Appellants.

George C. Hadley, Hodge L. Dolle, R. B. Pegram, John N. McLaurin, Charles Glass, Jr., and Warren P. Marsden for Respondent.

McCOMB, J.— From a judgment in favor of plaintiff in a condemnation action, defendants O'Connell and Livingston appeal.

*Facts:* Plaintiff filed a complaint in eminent domain on June 18, 1948, at which time a summons was served on the owner of the fee, J. E. Auman. Defendants at the time occupied the premises under a written lease expiring March 31, 1949.

On or about July 25, 1948, plaintiff acquired title to the property which was the subject of the condemnation suit by grant deed from the owner. Thereafter defendants entered into a rental agreement with plaintiff dated August 3, 1948, covering the property in question for the period from July 25, 1948 to October 1, 1948. This lease contained the following clause: "(11) In the event there is any prior existing lease or rental agreement between tenant and State (or its predecessor in interest) covering the subject property, it is agreed and understood that this rental agreement shall cancel and terminate said prior lease or rental agreement as of the effective date of this rental agreement."

*Questions:* First: *Were defendants entitled to compensation for the taking of their leasehold interest on the property being condemned?*

This question must be answered in the negative. By the agreement of August 3, 1948, defendants expressly recognized and agreed to the termination of the prior lease. Hence defendants did not have any property taken in the condemnation proceeding since at the time of trial they had no interest in the property.

The agreement of August 3, 1948, constitutes a novation, and the rights of the parties were covered solely by the new agreement, the original lease being void and of no effect. (*Eckart* v. *Brown,* 34 Cal.App.2d 182, 187 [93 P.2d 212].)

Second: *Were defendants entitled to recover damages for*

*(1) the value of trade fixtures left in the premises, or (2) the cost of removing and relocating the fixtures taken away?*

This question must also be answered in the negative. (1) Since it is conceded that all the machinery and equipment installed on the premises by defendants were *removable fixtures,* the fact that defendants chose to leave some of them on the premises did not constitute the taking by plaintiff of defendants' property. Therefore compensation was properly denied defendants for such fixtures. (2) The cost of removing and relocating fixtures is not a compensable item in a condemnation proceeding. (*County of Los Angeles* v. *Signal Realty Co.,* 86 Cal.App. 704, 710 et seq. [261 P. 536].)

Hence the trial court properly disallowed defendants' claim for such items.

Affirmed.

Wilson, J., concurred in the judgment.

MOORE, P. J.—I concur in the judgment.

However, the nature of the fixtures in appellants' plant entitles them to an appraisal quite different from that accorded by Justice McComb. Large and valuable portions of appellants' fixtures were constructed specifically for the building occupied by appellants and were firmly attached thereto. A cyclone dust collecting system with metal hodds and pipes was operated by a large motor-driven fan bolted to the floor. This unit had been constructed for the Auman building. A large steel tank used in plating operations was "bricked in" to contain the heat, and its removal resulted in the destruction of this brick construction. Also, a network of gas, water and air pipes formed a web throughout the plant. In addition to the above attached fixtures appellants had massive grinding and polishing lathes bolted to the concrete floor, an exhaust hood over "acid dipping crocks," immense silver and gold plating tanks, each connected with its own generator through an extensive electrical system and air compressing machinery and equipment. By reason of such nature of appellants' equipment the decision of *County of Los Angeles* v. *Signal Realty Company* is not determinative of whether appellants are entitled to recover damages for the value of the trade fixtures left in the premises or of the cost of removing and relocating such fixtures. In the cited authority the fixtures for which compensation was denied consisted of only screen doors, signs, shelving and awnings which could have been handily removed and readily installed without serious detri-

ment. Yet while a number of appellants' fixtures could have been removed only with great loss that fact alone is not conclusive of their right to recover.

Assuming that appellants had no leasehold interest existing at the time of commencement of the eminent domain proceedings herein, under the preponderant weight of authority they can receive no compensation for the expenses incurred in removing trade fixtures and appliances. (See *United States* v. *General Motors Corp.*, 323 U.S. 373 [65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390]; *United States* v. *8286 Square Feet of Space*, 61 F.Supp. 737, 34 A.L.R. 1523.) Under the majority view of that doctrine evidence of such expenses is admissible only as bearing upon the value of the leasehold taken, and compensation for removal is not allowed as a specific, substantive item of damages. The doctrine and reasoning of the last cited authorities is that in eminent domain proceedings the tenant is compensated, not for the loss of his lease, but for the damage resulting from the deprivation of his right to remain in undisturbed possession to the end of the term of his tenancy. Such damage is not ordinarily measured adequately by the market value of the lease alone since oftentimes it has no value. Therefore, evidence of the expense of removal of attached fixtures is material and important as tending to prove the true value of the tenant's interest. (*James Mc-Millan Printing Co.* v. *Pittsburgh C. & W. R. Co.*, 216 Pa. 504 [65 A. 1091]; *North Coast R. Co.* v. *Kraft Co.*, 63 Wash. 250 [115 P. 97].) Of course where solely by virtue of the eminent domain proceeding the tenant has been deprived of his leasehold he may recover the costs of removing such trade fixtures as are removable without impairing the building and the value of those that are not detachable. (*City of Los Angeles* v. *Klinker*, 219 Cal. 198, 208 [25 P.2d 826, 90 A.L.R. 148]; *City of Los Angeles* v. *Hughes*, 202 Cal. 731, 737 [262 P. 737].) However, by the most recent decisions the tenant was denied compensation for the cost of removing trade fixtures as a substantive element of his damage or as evidence of the leasehold's market value, on the theory that this "damage" is only that resulting to any tenant at the expiration of his lease when he would necessarily be compelled to bear the expense of such removal. (Note, 156 A.L.R. 397.)

A petition for a rehearing was denied November 17, 1950. Wilson, J., voted for a rehearing. Appellants' petition for a hearing by the Supreme Court was denied December 26, 1950.