[Civ. No. 21988. First Dist., Div. Three. Apr. 28, 1965.]

TOWN OF LOS GATOS, Plaintiff and Respondent, v. HERMAN E. SUND et al., Defendants and Appellants.

Bressani & Hansen and Gerald B. Hansen for Defendants and Appellants.

Wilson, Harzfeld, Jones & Morton, Wilson, Jones, Morton & Lynch and John E. Lynch for Plaintiff and Respondent.

DEVINE, J.—Appellants' real property was taken by eminent domain. The husband had run a television business on the property. Appellants moved to amend their answer to the city's complaint to allege damages of these kinds: (1) costs ($5,100) of moving personal property used in the business; (2) cost of the option to purchase the new site; (3) appraisal fees; (4) architect's fees on new site; (5) interest and loan fees on the interim financing for the construction of improvements at the new site; (6) additional management costs; (7) increased insurance costs; (8) advertising costs for the new location; (9) accountant's and legal fees. The court denied their motion. The jury awarded the market value of the real property only.

At oral argument, counsel for appellants was asked if any one of the elements of claimed but unallowed damages is stronger than the others, and he replied, logically we believe, that costs of moving personal property (television sets, appliances, trade fixtures, etc.) to the new location, is the strongest claim, because it is most tangible and is easiest to measure since moving charges are based on precise rates set by the Public Utilities Commission, and a reasonable distance is readily ascertainable. We commence, therefore, with discussion of costs of moving, and discuss it at greater length than we do the other items, because if this element is not allowable, the others would not be.

### Statutes

Appellants concede that no statute of California gives the owner a right to moving costs. Their argument is that the California Constitution requires it. It is of not inconsiderable significance, however, that the Legislature has not, since adoption of the Constitution in 1879, deemed itself duty-bound to provide compensation for costs of moving, or for any of the other disallowed items claimed by appellants, although it has chosen to provide compensation specifically for severance damages, cost of placing fences and cattle-guards if land be taken for a railroad, cost of removal, alteration or relocation of structures where such removal, alteration or relocation is sought (Code Civ. Proc., § 1248), cost of relocating railroad tracks (Code Civ. Proc., § 1248a), and damages for temporary possession under an order of possession where

condemnation is abandoned (Code Civ. Proc., § 1255a). This, of course, is not conclusive as against claim of a constitutional right, but the legislative recognition of other elements of damage has much persuasive effect. It would seem to be a proper corollary to the established principle that legislative acts are presumed to be constitutional, that where the Legislature has abstained from acting on a particular subject in a field where it does have certain constitutional responsibility, its abstention should be regarded with respect, as being the considered decision by our co-ordinate branch of government that it has no duty to act.

### The Constitution

 Article I, section 14 of the Constitution of California provides that "Private property shall not be taken or damaged for public use without just compensation having first been made...." The reference is to taking or damaging *property,* not to causing damages consequentially to owner. Literally, therefore, the Constitution does not require payment of the claims which appellants wished to make by amended answer. We must turn to the cases on the subject.

### California Decisions

Appellants concede that there are no California cases favorable to their position and, indeed, that all the cases on the subject are, in general, against it; but they argue that the adverse cases are distinguishable. The cases which they say are the principal, if not the only, ones considering the question of removal costs are *Central Pac. R.R. Co.* v. *Pearson,* 35 Cal. 247; *County of Los Angeles* v. *Signal Realty Co.,* 86 Cal.App. 704 [261 P. 536]; and *People* ex rel. *Dept. of Public Works* v. *Auman,* 100 Cal.App.2d 262 [223 P.2d 260], and are distinguishable, appellants argue, in that none of them discusses the constitutional requirement of compensation for taking or damaging, but only the absence of statutory provision for removal costs, and two of the cases, *Signal Realty Co.* and *Auman,* are based in part on the proposition that the condemnee was a tenant, not a fee owner, and would have to remove his personalty from the premises at some time in the future, with or without condemnation. As to the latter point, it has been held, in *Central Pacific R.R. Co.* v. *Pearson, supra,* and *City of La Mesa* v. *Tweed & Gambrell Planing Mill,* 146 Cal.App.2d 762, 776 [304 P.2d 803], that the cost of removing personal property is not a compensable item in a condemnation proceeding where the owner of the

personalty was not a tenant but owner of the fee. In the matter of the constitutional requirement, the point was made and decided against the position of appellants in *Oakland* v. *Pacific Coast Lumber etc. Co.*, 171 Cal. 392 [153 P. 705]. The decision related to damages for loss of business, and not to moving costs, but the principle is the same, namely, that the Constitution simply requires payment for taking or damaging property. The compensation is ''for the property, and not to the owner.'' (*Monongahela Navigation Co.* v. *United States,* 148 U.S. 312 [13 S.Ct. 622, 37 L.Ed. 463]; *Pacific Gas & Elec. Co.* v. *Chubb,* 24 Cal.App. 265, 267 [141 P. 36].)

### Authorities

The rule in California denying removal costs in eminent domain cases is in accord with that of a majority of states. (4 Nichols on Eminent Domain (3d ed.) § 14.2471[2], p. 661; 1 Orgel on Valuation Under Eminent Domain (2d ed.) § 69, p. 306.)

### Federal Cases

In *United States* v. *General Motors Corp.*, 323 U.S. 373 [65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390], the Supreme Court made an apparent deviation from the rule against allowance of loss of profits, expense of moving removable fixtures and personal property, loss of good will and other like consequential losses, but the court expressly recognized and affirmed the general rule (p. 379). The apparent deviation was this: Where General Motors had a lease on a warehouse terminating in 1948 and the government condemned but part of the time of the lease (up to 1943) but obtained possession in 1942, thus chopping the lessee's interest into bits (to use the court's language), so that the remainder of the lease might be altogether useless to the lessee because of the cost of moving out, then of moving back, and then at the end of the term moving out again, the removal and storage costs were allowable. These costs were allowed not as independent items of damage but to aid in the determination of what would be the market price which would be asked and paid for the peculiar form of temporary occupancy which resulted from the unique kind of taking (p. 383). That the court made no real exception, but only an apparent one, is plain from a reading of the case. That the constitutional rule remains has been decided in *United States* v. *Westinghouse Elec. & Mfg. Co.*, 339 U.S. 261, 264 [70 S.Ct. 644, 94 L.Ed. 816], where it was held that

"When there is an entire taking of a condemnee's property, whether that property represents the interest in a leasehold or a fee, the expenses of removal or of relocation are not to be included in valuing what is taken." (See also *In re Yeager Co.*, 227 F.Supp. 92, 106; *Kimball Laundry Co.* v. *United States*, 338 U.S. 1 [69 S.Ct. 1434, 93 L.Ed. 1765, 7 A.L.R.2d 1280]; *Wah Chang Corp.* v. *United States*, 282 F.2d 728, 736; *United States* v. *Petty Motor Co.*, 327 U.S. 372, 377-379 [66 S.Ct. 596, 90 L.Ed. 729].)

### Consequential Damages Other Than Moving Costs

Most of the discussion above has had to do with costs of removal. ■ Loss of business has been held noncompensable (*Oakland* v. *Pacific Coast Lumber etc. Co., supra; Breidert* v. *Southern Pac. Co.*, 61 Cal.2d 659, 667 [39 Cal.Rptr. 903, 394 P.2d 719]); attorneys' fees, noncompensable (*Pacific Gas & Elec. Co.* v. *Chubb, supra*); appraisal fees, where not provided by statute, noncompensable (*City of Los Angeles* v. *Vickers*, 81 Cal.App. 737 [254 P. 687]).

### Summary

We are mindful of appellants' argument that moving costs, at least, could be ascertained with reasonable certainty, thus eliminating the speculative feature which has been a reason against their allowance (see 1 Orgel on Valuation Under Eminent Domain, *supra*, pp. 308-309); but we believe that in view of the cases cited above, this argument is one to be addressed to the Legislature. We have taken note of appellants' plea that incidental losses affect an ever-increasing multitude of people as eminent domain is more widely used (see *Eminent Domain Valuations in An Age of Redevelopment: Incidental Losses*, 67 Yale L.J. 61, 63-64), but it is not for us to change the established law.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 23, 1965.