[Civ. No. 46525. Second Dist., Div. Three. Feb. 25, 1976.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v. DOROTHY ANN SMITH et al., Defendants and Appellants.

## COUNSEL

Michael B. Montgomery for Defendants and Appellants.

John Larson, County Counsel, Terry C. Smith, S. Robert Ambrose, and Jennifer Moran, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**POTTER, J.**—Defendants Dorothy Ann Smith and James Ashburner Smith, Jr., appeal from one paragraph only of an interlocutory judgment in condemnation. The judgment determined that defendants were entitled to the sum of $51,000 plus interest as (1) just compensation for the taking of a parcel described therein as "Parcel 5-10," comprising (a) fee title to 1,264 square feet of a total of 12,139 square feet in the contiguous ownership of defendants, (b) title to a two-story, masonry

commercial building lying partially within the area taken and partially within the remaining land of defendants, and (c) the right and easement to enter upon the remaining contiguous land of defendants for a limited period for the purpose of removing the commercial building therefrom, and (2) just compensation for the severance damage accruing to the portion not being condemned "by reason of its severance from that portion being condemned, and the construction of the improvement in the manner proposed by the plaintiff." The interest was made payable from the date of taking of possession pursuant to an order of immediate possession of July 27, 1973. The jury verdict included two figures: $48,950 as the value of the interest taken, and $2,050 as severance damages. In addition, the judgment declared "that defendants are not entitled to the reasonable rental value of the remainder portion of the larger parcel from the date of taking of the property taken until the commencement of construction of the public improvement in the manner proposed."

■ Defendants' claim to compensation for alleged loss of reasonable rental value was asserted in a trial brief lodged in the trial department and considered before the presentation of evidence. The alleged factual situation upon which such claim was based was stated in the brief as follows:

"This is based on the theory that defendants still have had no legal right of access to their remainder since the effective date of the order of immediate possession, compounded by the fact that there has been unreasonable delay on the part of the condemnor in the performance of the project.

"On or before April, 1973, defendants had a long-term lease in the subject property that was not in default nor was there any reasonable probability that the lease would go into default. Sometime during April, 1973, the tenants were served by the condemnor with a notice to vacate, presumably pursuant to *Government Code* § 7267.3. Pursuant to said notice, the lessees were out, and rent terminated as of July 9, 1973. The Summons and Complaint in this action was filed on July 26, 1973, and a 20-day Order of Immediate Possession issued the same day. The legal rights sought for the subject parcel 5-10 is alleged at page 6 of the Complaint as follows:

'The fee simple title in and to Parcel 5-10. TOGETHER with the title to that certain two story masonry Class C commercial building located at 2776 Foothill Boulevard, La Crescenta which lies partially within and

partially outside the boundaries of said Parcel 5-10, together with the right and easement to enter upon the remaining contiguous lands of the owners of said parcel outside the boundaries of said parcel at any time after the date that possession is authorized, as specified in the Order for Immediate Possession obtained pursuant to this Resolution, to and including thirty (30) days after the acceptance by the Board of Supervisors of the County of Los Angeles of Cash Contract No. 2838 for the purpose of removing said existing structure;'

"The Order of Immediate Possession provides, at page 2:

'NOW, THEREFORE, IT IS HEREBY ORDERED that the plaintiff is hereby entitled to immediate possession of said property and is authorized to enter upon and take immediate possession of said parcels of property for the purposes described in plaintiff's Complaint herein; namely, for the improvement of LA CRESCENTA AVENUE (5), situated in the County of Los Angeles, State of California.'

"The building was demolished on November 16, 1973. Nothing then happened with respect to defendants' property for a full year, or until the latter part of October, 1974, when work on the street improvement project in or adjacent to the part taken was commenced."

In addition to asserting the above alleged facts, defendants made an offer of proof as follows:

"Evidence will be introduced to sustain defendants' propositions that:

"1. Prior to demolition of the building they made repeated inquiries as to when demolition would be in fact required;

"2. That they have made the property available for sale or lease since the date of the Order of Immediate Possession and that these efforts have been and will continue to be frustrated until completion of the project;

"3. That legal access to the subject property for La Crescenta Boulevard is essential to its development to a highest and best use as a rental property;

"4. That although defendants have received no return on their investment, as to the remainder land, for 16 months, they have been liable for and have had to pay taxes, maintenance, and insurance;

"5. That the loss complained of is solely through the acts of the condemnor and not the fault in any way of the defendants."

Defendants conceded they were not entitled to damages "for inconvenience or loss of access during the actual period of construction," but contended that evidence supporting propositions 1 through 5 should be admitted and upon proof thereof just compensation awarded equivalent to the reasonable rental value of the property.

The trial court ruled that reasonable rental value was "not a proper item for compensation," giving as a reason for the ruling the following: "That period is not indicative of any malicious delay on the part of the county and it seems that the code section sets out the items to be taken into consideration in determining compensatory value and of course there was the case [1] which showed an abuse of authority and in that case they allowed it but not having found that present I deny the motion."

As a result of the court's ruling, no evidence was received of the matters set forth in propositions 1 through 5, and the jury was given only the standard instructions to award the fair market value of the property taken and "severance damages in an amount, if any, the market value of the remaining property is depreciated by reason of the severance of the part taken or by the construction of the improvement in the manner proposed by the plaintiff or by both."

There was, however, evidence received which bore upon defendants' claim for loss of reasonable rental value. As stated in their brief, defendants' claim was "based on the theory that defendants still have had no legal right of access to their remainder since the effective date of the Order of Immediate Possession." Defendants made no offer to prove any facts in support of this theory other than their reference to the description of the rights to immediate possession acquired by plaintiff. The property interests described in the order for immediate possession, being those described in paragraph X(b) of the complaint, insofar as applicable to the remainder included only "the right and easement to enter upon the remaining contiguous lands" from the time possession was authorized "to and including thirty (30) days after the acceptance by the Board of Supervisors of the County of Los Angeles of Cash Contract No. 2838 for the purpose of removing said existing structure." Such easement, being limited to the purpose of removing the existing

---

[1]*Klopping* v. *City of Whittier*, 8 Cal.3d 39 [104 Cal.Rptr. 1, 500 P.2d 1345], was cited by defendants in their brief as the basis for their claim.

structure, and being in any event so limited in time, did not constitute any limitation upon defendants' access to the remainder subsequent to the completion of the destruction of the building in November 1973.

The evidence at the trial established, moreover, that there was in fact no continued interruption of defendants' access to the remainder property. Photographic exhibits showing the condition of the property both before and after the removal of the structure were received in evidence. The "before" photographs showed driveways at grade on both Foothill Boulevard and La Crescenta Avenue. The La Crescenta driveway was clearly marked "Out Only" and was located at the rear line of the property farthest from Foothill. The photographs of the property in the "after" condition showed both driveways still in use. Defendants' valuation expert, moreover, testified that the driveway on Foothill was usable at the time of his testimony, and that as of two to three weeks prior thereto the driveway on La Crescenta was being used. Defendants' expert also testified that the planned improvement of La Crescenta Avenue would not result in a reduction of access other than during the period of actual construction.

It appears that there was no foundation whatever for the "theory" which defendants urged in the trial court as the basis for the claimed award of loss of reasonable rental value. Defendants made no offer of evidence to support such theory and in fact produced evidence establishing that it was wholly untenable. There was, therefore, no error in the exclusion of the proffered evidence as to the amount of rental value allegedly lost. The reasons stated by the court for denying the motion do not limit the basis upon which it may be affirmed.

" 'No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].)" (*D'Amico* v. *Board of Medical Examiners,* 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

In their briefs on appeal, however, defendants urge new theories, not raised in the trial court. These include the claims (1) that defendants should have been awarded damages by virtue of the premature taking of possession before it was needed for the construction of the project,

thereby cutting off the existing leases and resultant income, and (2) that unreasonable delay in commencing the construction after the taking resulted in a "legal shadow . . . over the remainder for 16 months," justifying an award by analogy to *Klopping* v. *City of Whittier, supra,* 8 Cal.3d 39. Since neither of these theories was urged in the trial court, they might well be denied consideration in this appeal. "It is a general rule of appellate review that questions not raised in the trial court will not be considered on appeal." (5 Cal.Jur.3d, Appellate Review, § 480, p. 117.) We prefer, however, to dispose of defendants' new contentions on the merits.

■ Defendants' argument that plaintiff's taking of possession and destruction of the improvements "far in advance of the commencement of the construction of the planned physical improvement" requires "just compensation" in the form of the allowance of lost rental value up to the time the property was actually needed finds no support in any authorities and is contrary to the legislative scheme for the determination of "just compensation." Code of Civil Procedure section 1255b provides that compensation awards shall bear interest "from the earliest of the following dates: . . . (2) The date that the possession of the property sought to be condemned is taken or the damage thereto occurs." If defendants were also entitled to the reasonable rental value of the property on the basis it should not have been taken, they would be doubly compensated. "Just compensation" does not require any such windfall.

■ Defendants' alternative contention that their remainder property remained in some kind of "legal shadow" constituting a "freezing without compensation," can, in view of the lack of any foundation for the assertion that the right of access was cut off, at most be construed as a claim that the threat of future temporary interruption of access to La Crescenta Avenue during the actual period of construction was comparable to the "condemnation cloud hovering over their lands," referred to by our Supreme Court in *Klopping* v. *City of Whittier, supra,* 8 Cal.3d 39, 46.

We find no merit to the analogy. The threats are not of comparable nature or effect. The threats differ in nature because the future condemnation threatened in *Klopping* would constitute a total and permanent destruction of any intervening use. By contrast, the temporary closure of one exit from defendants' property would at most briefly burden future use. The effect of the threats is, moreover, entirely different. As the court stated in *Klopping* (8 Cal.3d at p. 52): "[I]nterest is

likewise to run not from the announcement but from the valuation date." Thus, the *Klopping* defendants were deprived of the use of their property without compensation. As heretofore pointed out, defendants received interest on the award for the taking of the building which was the source of the rental income they lost.

We conclude, therefore, that though defendants might possibly have been slightly better off if possession of the portion taken and destruction of the building had been deferred until plaintiff was ready immediately to commence construction in the adjoining portion of La Crescenta Avenue, the loss if any suffered by them is not of a nature constitutionally requiring "just compensation."

Defendants concede that there is no "decisional precedent for the compensation prayed for," "except for the umbrella of broad constitutional principles expressed in *Klopping* v. *City of Whittier,* 8 Cal.3d 39, and *Pierpont Inn, Inc.* v. *State of California,* 70 Cal.2d 282." Essentially, defendants contend that *Klopping* should be extended to cover their situation since otherwise they would not be made whole. This argument was made and rejected by our Supreme Court in *Community Redevelopment Agency* v. *Abrams,* 15 Cal.3d 813, 827-828 [126 Cal.Rptr. 473, 543 P.2d 905]. There the court said:

"This argument, at least insofar as it implies that the sole institution which may provide standards of compensation is the courts, proceeds upon an invalid premise, to wit, that the 'just compensation' prescribed by constitutional provisions contemplates total indemnification for damage sustained through condemnation. However, as we have pointed out above (see text accompanying fn. 5, *ante*), the law simply does not equate 'just compensation' with total indemnification. We have not far to look in California jurisprudence for cases other than those involving business goodwill in which *demonstrable loss* resulting from condemnation has been held not to constitute an element of *constitutionally required* 'just compensation.' For example, in *County of Los Angeles* v. *Ortiz, supra,* 6 Cal.3d 141, we held that a condemnee's litigation expenses, although clearly resulting in a loss to the condemnee which he would not have sustained absent condemnation, did not, under a virtually unbroken line of authority, form an element of damage required to be paid by the Constitution. Such costs, we concluded, were 'of policy as distinguished from constitutional dimension' and the allowance of their recovery rested with the Legislature rather than the courts. (6 Cal.3d at pp. 148-149.) Similarly, in *Town of Los Gatos* v. *Sund* (1965) 234 Cal.App.2d 24 [44 Cal.Rptr. 181], it was held that expenses of

moving personal property involved in the business conducted on the condemned property, although clearly incurred by the condemnee as a result of the condemnation, were not compensable under constitutional 'just compensation' provisions, and that any appeal for their allowance must be made to the Legislature. What these cases show is simply that compensation provided for the taking of real property through eminent domain may be 'just' within the meaning of the constitutional provisions without providing complete reimbursement to the owner for all losses suffered by him as a result of condemnation, and that in at least some cases in which the constitutional measure of compensation falls demonstrably short of that required to make the condemnee 'whole,' his recourse must be to the Legislature. [Fns. omitted.]"

We reach the same conclusion with respect to defendants' claim. If the interest on the award for the property taken and the severance damages incurred, provided by the Legislature, do not make defendants whole, "recourse must be to the Legislature."

The judgment is affirmed.

Cobey, Acting P. J., and Allport, J., concurred.

A petition for a rehearing was denied March 26, 1976.