[Civ. No. 6255. First Appellate District, Division One.—June 15, 1928.]

N. G. ROGERS, Respondent, v. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY (a Corporation), Appellant.

538

G. L. Aynesworth for Appellant.

M. K. Harris and James A. Burns for Respondent.

CAMPBELL, J., *pro tem.*—Plaintiff filed an action to recover the sum of $5,000 from defendant, such being the amount claimed to be owing on two policies of fire insurance. Defendant appeared and filed an answer. On June 5, 1922, the cause came on for trial, at which time plaintiff and defendant entered into a stipulation as follows: "It is hereby stipulated that the above entitled action be and the same is compromised as follows: that plaintiff shall have judgment for the sum of $2,200.00, lawful money of the United States without costs; that execution on the whole of said judgment shall be stayed until such time as the correct amount of moneys now under attachment by garnishments and a certain assignment to T. M. Crum served on the defendant is ascertained, and when said sums are ascertained, and the liability of the defendant under said garnishments and said assignment is definitely ascertained, then the said defendant will pay over to plaintiff to be applied on said judgment all moneys now due upon said judgment over and above the amount of defendant's liability under said garnishments and said assignment, and the execution shall be further stayed on the remainder of said judgment, as to such amount of defendant's liability under said garnishments and said assignment until the plaintiff shall procure a release of said defendant from all liability under said garnishments and assignment, and then and in that event the said defendant will pay over to the plaintiff the remainder due upon said judgment and said judgment shall be fully satisfied, and as each attachment is settled by plaintiff, defendant will pay over to plaintiff the amount of such attachment, if the same is paid directly by plaintiff."

The court, pursuant to the stipulation, entered its judgment and likewise entered its order staying execution. On June 16, 1922, plaintiff gave notice of intention to move the court for an order directing the issuance of an execution. The motion came on regularly for hearing on July 16, 1922, and was by the court denied without prejudice. Three subsequent and similar notices and motions were made, which were likewise denied.

The assignment and garnishments referred to in the stipulation had been served on the defendant prior to the making of the stipulation upon which judgment was entered. Thereafter plaintiff engaged in a test case to determine the validity of the garnishments, and their validity was sustained. On May 4, 1926, plaintiff gave notice of intention to move for an order directing the issuance of an execution, and on June 18, 1926, the court made an order that an execution issue against the property of defendant in favor of W. M. Grady, the judgment creditor, for the sum of $1,-217.13, the balance of principal and interest due—the court having found that the judgment as entered for $2,200 was subject to the liens of three attachments or executions aggregating $1,579.30.

After the commencement of the action plaintiff N. G. Rogers duly assigned all his right, title, and interest in and to his claim against defendant to W. D. Grady, who thereafter duly assigned all his right, title, and interest in and to the judgment to W. M. Grady, and the assignees have continued the cause in the name of the original plaintiff.

Appellant urges that the court erred in ordering the execution to issue for the following reasons: (1) That since the garnishments levied on the appellant have not been paid as provided in the said stipulation, the said judgment is not due or enforceable. (2) That since said judgment is not due or enforceable, the same does not bear interest. (3) That an execution for a portion of a judgment is unauthorized and erroneous.

It will be noted that the stipulation makes no mention of interest, and the judgment makes no provision for a stay of execution. "A judgment is the final determination of the rights of the parties in an action or proceeding" (Code Civ. Proc., sec. 577). To construe the judgment entered to be not due or to be noninterest bearing would be to amend or modify the judgment in a manner not authorized by law (*Takekawa* v. *Hole,* 170 Cal. 323 [149 Pac. 593]; *Benning* v. *Superior Court,* 34 Cal. App. 296 [167 Pac. 291]; *Forrester* v. *Lawler,* 14 Cal. App. 171 [111 Pac. 284]). In *Glenn* v. *Rice,* 174 Cal. 269, 276 [162 Pac. 1020, 1023], it is held: "In entering a judgment it is not necessary to declare therein that it shall bear interest. It bears interest at the rate of seven per cent per annum from its

date by force of law and not by reason of any declaration it may contain to that effect (Civ. Code, sec. 1920; Code Civ. Proc., sec. 682).'' In *Sea* v. *Lorden,* 37 Cal. App. 444 [174 Pac. 85], the court says: ''The respondent is entitled to interest only from the date of the judgment, and is allowed that by operation of law.''

■ Nor is it essential in a contested case in order that a judgment shall bear interest that interest be prayed for in the complaint (*Durbin* v. *Hillman,* 50 Cal. App. 377, 382 [195 Pac. 274]).

■ The decisions cited were based on section 1920 of the Civil Code in force when the decisions were rendered, which read: ''Interest is payable on judgments recovered in the courts of this state, at the rate of seven per cent per annum, and no greater rate, but such interest must not be compounded in any manner or form.'' Subsequently in 1918, section 1920 of the code referred to was repealed, but in substance was restored by the initiative measure adopted at the general election of November, 1918, known as the Usury Law (Stats. 1919, lxxxiii), the first section of which provides that the rate of interest upon judgments rendered in any court of this state shall be seven dollars upon the one hundred dollars for one year and at that rate for a greater or less sum or for a longer or a shorter time. The substance of section 1920 of the Civil Code being adopted in the Usury Law, the authorities cited lose none of their force by reason of the repeal of the code section. Moreover, section 682 of the Code of Civil Procedure, subdivision 1, provides: ''If it (execution) be against the property of the judgment debtor, it must require the sheriff to satisfy the judgment with interest. . . . ''

Appellant urges that the judgment was not entered upon a trial of fact, but by virtue of a stipulation, the express terms of which purport to limit and control the rights of the parties in the judgment. ■ We can see no distinction in the effect of a judgment entered upon a trial of fact and one entered by stipulation or consent. In either case the judgment is a final determination of the rights of the parties in the action or proceeding (Code Civ. Proc., sec. 577).

■ Our attention has been directed by appellant to several cases to support its contention that in view of the fact

that it was compelled to withhold the payment to plaintiff because of garnishments served upon it, that plaintiff is not entitled to interest. *Stimson* v. *Dunham, Carrigan-Hayden Co.*, 146 Cal. 281 [79 Pac. 968], cited, is a case in which the court was considering the claim of a contractor, where filed liens prevented the owner from making direct payment. The court denied the demand of defendant Gardiner, the contractor, for a foreclosure of his lien, for attorney's fees, for interest and for costs. In that case the court said: "If for the purposes of this case it be conceded that the appellant can raise the question, we hold that plaintiffs were not liable for interest." Neither in that case, however, nor in any of the cases cited by appellant is the question of interest on a judgment discussed or passed upon, and as the law declares that a judgment bears interest, we must uphold such provision, even though it might in some instances inflict a hardship, as such matters are for the legislature or for the people by initiative measure to determine and not for the courts. It cannot, however, be said, as claimed, that appellant will be penalized by being compelled to pay interest. Appellant could have avoided paying interest or paying more than once by depositing the money in court, as it did not deny owing it, and interpleaded and let the different claimants adjudicate their differences between themselves.

As to appellant's other point that it was the duty of respondent to have discharged the garnishments before requiring payment to him by appellant, it may be said that the stipulation on which the judgment is based provides "that execution on the whole of said judgment shall be stayed until such time as the correct amount of money now under attachment by garnishments and a certain assignment to T. M. Crum served on defendant, is ascertained, and when said sums are ascertained and the liability of the defendant under said garnishments and said assignment is definitely ascertained, then the said defendant will pay over to plaintiff to be applied on said judgment all moneys now due upon said judgment over and above the amount of defendant's liability under said garnishments and said assignment," etc. It is admitted that the liabilities of defendant were ascertained at the time the last motion for execution was made, and the execution was issued

merely for the amount due over and above the amount to be paid to satisfy the garnishments and assignments, together with interest on the judgment.

The only real question presented is whether the judgment as rendered, or that portion over and above the amount of the garnishments and assignment, should bear interest. This question we have disposed of, and from such disposition it · follows that the order appealed from should be, and it is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1928.

All the Justices present concurred.