[Civ. No. 1354. Fourth Appellate District.—April 17, 1935.]

HOWARD BROOME, Respondent, v. KERN VALLEY PACKING COMPANY (a Corporation), Appellant.

258

Borton & Petrini for Appellant.

Brittan & Mack for Respondent.

BARNARD, P. J.—The plaintiff was injured in a collision between an automobile in which he was riding as a guest and another automobile owned by the defendant corporation and driven by the individual defendant. The collision occurred on June 4, 1933, on a mountain road in Kern County. The defendant company had sent one of its employees, William V. Little, after a hundred head of cattle which it had purchased. He took with him two other em-

ployees of the company and his son Robert Little, all going in an automobile belonging to the company. The three men mounted three riding horses which had been sent up for the purpose and started to drive the cattle to the packing house, and Robert Little was directed by his father to bring back the automobile. On the way down he was sent back to look for some of the cattle which had left the herd. He drove back ten miles, and while he was returning to the herd the collision in question occurred.

The complaint sets up two causes of action, the first based upon the theory that Robert Little was at the time acting as an agent of the other defendant, and the second, alleging that he was driving the car with the permission of the owner, based upon section 1714¼ of the Civil Code. The jury returned a verdict for $5,000 against the defendant corporation and rendered no verdict as to the defendant Robert Little. From the judgment entered the defendant company alone has appealed.

■ It is urged that the judgment cannot be sustained under either cause of action for the reason that the evidence is insufficient to sustain a finding of negligence on the part of the defendant driver. This is based upon the contention that the other car involved in the accident, while rounding a turn, skidded to its left side of the road and directly into the path of the appellant's car, and that the defendant Little, in order to avoid a collision, drove to his left side of the road at the same time the driver of the other car regained control thereof and pulled over to his right side. The two cars came together slightly to Little's left of the center of the road. Under the familiar imminent danger rule it is argued that the defendant driver, observing an uncontrolled car approaching him the course of which was beyond calculation, took every reasonable precaution to avoid a collision and may not be held to have been negligent.

While some of the evidence sustains this theory, other portions lead to a different conclusion. There is evidence that the other car skidded to its wrong side of the road about 200 feet back from the place where the accident occurred; that after proceeding from 30 to 40 feet on its wrong side this car was returned to its right side of the roadway; that at that time the appellant's car was about 250 feet away, and coming up a 2.8% grade; and that

Little proceeded on his right-hand side of the road until he was within 30 feet of the point of the collision when he crossed to his left side of the road and directly into the path of the other car. Little testified that he saw the other car when the two cars were 180 feet apart although other evidence shows that this car should have been visible to him for a much greater distance. He also testified that the brakes on the appellant's car were only half efficient. Immediately after the accident he stated to the driver of the other car that he thought he could get past him on the opposite side and that he could not stop or turn in 200 feet. Other evidence justifies the inference that the ·defendant driver was going too fast, that he was not paying sufficient attention to the road in front of him, and that he had ample opportunity to avoid the accident regardless of what had previously occurred. Although conflicting, the evidence is sufficient to support a finding of negligence on the part of the driver of the appellant's car.

While the appellant argues that the defendant driver was not acting as its agent at the time here in question this point is raised indirectly and as a part of its main contention that the failure to bring in a verdict against the operator of a car who is driving the same with the permission of the owner voids a judgment rendered against the owner. Although we regard the evidence as sufficient to sustain a judgment based upon the first cause of action, it will be sufficient here to pass upon the other point which is particularly stressed.

The appellant argues that under section 1714¼ of the Civil Code, imposing a liability upon the owner of a motor vehicle for injuries resulting from the negligence of one operating the car with his permission, the liability of such an owner is secondary, that ‚a failure to find against the operator is virtually a finding in his favor, and that such a verdict is inconsistent, self-stultifying and must be set aside.

It is well settled that a failure to find against one of two defendants is not a finding in favor of such defendant but is merely a failure to find on one of the issues. (*Keller* v. *Smith,* 130 Cal. App. 128 [19 Pac. (2d) 541]; *Maberto* v. *Wolfe,* 106 Cal. App. 202 [289 Pac. 218]; *Shippy* v. *Peninsula Rapid Transit Co.,* 97 Cal. App. 367 [275 Pac. 515]; *Lloyd* v. *Boulevard Express,* 79 Cal. App.

406 [249 Pac. 837].) And the general rule is that any error involved in such a failure is waived where the other defendant does not ask that the jury be directed to find on that issue. (*Benson* v. *Southern Pacific Co.*, 177 Cal. 777 [171 Pac. 948]; *Joerger* v. *Pacific Gas & Electric Co.*, 207 Cal. 8 [276 Pac. 1017]; *Lloyd* v. *Boulevard Express, supra.*) The question remains whether this particular statute has a different effect, in this regard.

■ While the liability imposed by this section of the code upon the owner of an automobile may be secondary as between such owner and the person operating the car with his permission, it is a primary and direct liability and not a secondary one in so far as the injured party is concerned. It would seem that the main purpose of this section is to make such an owner directly responsible to a person injured through the negligence of an operator driving the car with the owner's permission, although the section also contains provisions calculated to protect the owner from the results of the operator's negligence in so far as this may be done between those parties without interfering with the rights of the injured party. After imposing a direct liability on the owner in favor of the injured person certain provisions are added. One of these is to the effect that the operator shall be made a defendant when personal service may be made upon him in this state. The fact that the operator need not be made a defendant in all cases strongly indicates that the liability of the owner is primary and is not dependent upon whether or not the operator is made a defendant.

■ Coupled with the provision last referred to is a subproviso that, upon the recovery of a judgment, recourse shall first be had against the property of an operator who has been served. This must have been intended for the benefit of the owner and not only can it be waived by him but the same can only apply where a judgment is recovered both against the operator and the owner. If the injured party has complied with the terms of the section and has made the operator a defendant in the action and served him, the fact that no judgment is subsequently entered against the operator should not free the owner from the direct liability otherwise imposed by the statute. To give this benefit to the owner in case judgment is entered against both is far from providing that a judgment against the

owner alone, without mentioning the operator, is void and may not be enforced. To thus interpret this clause would, at least in part, nullify the subrogation clause which follows:

The next provision in the section is that in the event recovery is had against such an owner he shall be subrogated to the rights of the injured party and may himself recover from the operator the amount of any judgment which has been recovered against him. This clause is not limited to cases where the operator is not made a party but expressly applies to any recovery under the section. The right of contribution does not rest upon the existence of a judgment against the operator in the same action but applies in the event a recovery is had against the owner and covers "any judgment and costs recovered against such owner". Where an operator is made a party to the action and no judgment is entered against him this provision still gives the owner a right of subrogation and a right to "recover from such operator" the amount of any judgment entered against the owner. Under this provision an owner may bring an independent action in the nature of an action for contribution and it may not be said, as argued by the appellant, that the other remedy afforded by this section, that of proceeding against the property of the operator on the judgment entered in the original action, is a complete or exclusive remedy.

While this section is not as clear as could be desired, we think it imposes a primary and direct liability upon such an owner, with secondary provisions to enable him to protect himself as against the operator of the car. Under these latter provisions the owner would have the right to demand that the jury be directed to pass upon the issue as to the liability of the operator, to the end that he may take advantage of the provision that recourse shall first be had against the property of the operator, or he may proceed under the other clause giving him the right of subrogation.

Under the authorities above cited we think the appellant here waived his right under the "recourse" clause by failing to ask that the jury be sent back to complete its verdict and that he was then limited to his right under the "subrogation" clause.

Where a parent signs a minor's application for a license he becomes jointly and severally liable and a failure to find

against a minor in such a case does not release the parent from the direct liability he has assumed by his contract. (*Bosse* v. *Marye*, 80 Cal. App. 109 [250 Pac. 693].) The effect of the section here in question is to create a joint and several liability, that of the owner being direct and primary as far as the injured party is concerned. There is no good reason why a failure to find against the one should release the other or why a judgment against the operator in such a case should be any more essential under the liability imposed by this statute than it is under the liability assumed by a parent in the other case.

Neither under general rules of law nor under the terms of this statute do we think this verdict was self-stultifying. We therefore hold that the liability of an owner of an automobile under the provisions of section 1714¼ of the Civil Code is primary and does not depend upon a judgment being entered against his codefendant who was operating the car with his permission.

Some contention is made that the amount of the verdict is excessive. The respondent suffered an oblique fracture of the right tibia extending downward into the ankle joint. There was also a fracture of the fibula. There was evidence of loss of earnings, pain and suffering, incapacity of a varying degree over a period of eighteen months and some evidence of permanent injury. While the amount of the award may have been liberal, under the familiar rules, we cannot say that it was such as to indicate passion or prejudice on the part of the jury. (*Goode* v. *Wills*, 135 Cal. App. 21 [26 Pac. (2d) 504]; *Hellman* v. *Los Angeles Ry. Corp.*, 135 Cal. App. 627 [27 Pac. (2d) 946, 28 Pac. (2d) 384]; *O'Brien* v. *Edens*, 125 Cal. App. 100 [13 Pac. (2d) 754].)

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1935.