[Civ. No. 7174.   Fourth Dist.   Mar. 23, 1964.]

SYLVIA WATSON, a Minor, etc., Plaintiff and Appellant, v. BRUCE H. McEWEN et al., Defendants and Respondents.

Caidin, Bloomgarden & Kalman and Newton Kalman for Plaintiff and Appellant.

Hollis G. Hartley, William A. Flory and Donald S. Gillespie for Defendants and Respondents.

GRIFFIN, P. J.—Santa Ana River Development Company (hereinafter referred to as SARDC) was the owner of certain leased premises in Riverside County which included a portion of the Santa Ana River approximately 3 miles downstream from Prado Dam. Defendant McEwen was the lessee and operated a service station, café and a camping, picnic, swimming and wading area on the leased premises. The lease was dated June 15, 1953, and McEwen had been in possession of the leased premises for several years before the date of injury. Plaintiff Sylvia Watson (hereinafter referred to as Sylvia) received injuries while swimming or wading in the river bed on May 30, 1957, which injuries occurred when she stepped on or came in contact with a foreign object in the river bed.

The jury returned a verdict against both defendants SARDC and McEwen and in favor of Sylvia in the sum of $12,137. Judgment on the verdict was accordingly entered against both defendants on November 28, 1960. On December 12, 1960, defendant SARDC filed an alternative motion for judgment notwithstanding the verdict and a motion for new trial. On December 8, 1960, defendant McEwen filed a motion for new trial only. The trial court thereafter granted the motion of SARDC for judgment notwithstanding the verdict and the court likewise granted defendant McEwen's motion for new trial unless Sylvia consented to a reduction of the judgment to the sum of $7,637.

Plaintiff Sylvia thereafter, on January 24, 1961, filed a written consent to the reduction of the judgment to the sum

of $7,637, which judgment was paid in full by defendant McEwen. Satisfaction of judgment was thereafter filed with the court on March 29, 1961.

Plaintiff now appeals from the judgment notwithstanding the verdict, even though the judgment in favor of plaintiff and against defendant McEwen has been satisfied in full.

Plaintiff claims that there was no substantial evidence to support the judgment in favor of SARDC notwithstanding the verdict and that SARDC, as lessor of the devised premises, owed a duty to Sylvia with respect to the condition of the leased premises. (Citing such authority as *King* v. *New Masonic Temple Assn.*, 51 Cal.App.2d 512 [125 P.2d 559]; *Boothby* v. *Town of Yreka City*, 117 Cal.App. 643 [4 P.2d 589]; *Burroughs* v. *Ben's Auto Park, Inc.*, 27 Cal.2d 449 [164 P.2d 897]; *Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375 [240 P.2d 580]; *Rau* v. *Redwood City Woman's Club*, 111 Cal.App.2d 546 [245 P.2d 12]; *Davidson* v. *Long Beach Pleasure Pier Co.*, 99 Cal.App.2d 384 [221 P.2d 1005].)

Defendant SARDC argues first that there can be only one satisfaction for any injury, and that plaintiff, by accepting payment in full of the judgment in her favor and satisfying the judgment, has waived her right to appeal and is estopped to appeal from the order granting judgment notwithstanding the verdict. Secondly, defendant SARDC argues that the trial court, under the evidence, was sufficiently justified in finding that SARDC, as lessor of the devised premises, owed no duty to Sylvia with respect to the condition of the leased premises.

At the argument before this court, plaintiff relied upon *Royal Indemnity Co.* v. *Olmstead*, 193 F.2d 451; 2 Witkin, Summary of California Law, pages 1181 and 1188; and *Ash* v. *Mortensen*, 24 Cal.2d 654 [150 P.2d 876], as opposing the claim that the satisfaction of the judgment did constitute full compensation for the injuries sustained by plaintiff Sylvia. In *Ash* v. *Mortensen*, the plaintiff was injured in an automobile accident and received medical and surgical treatment for these injuries. Plaintiff sued Wubben, the negligent motorist, and recovered judgment in the amount of $15,000, and thereafter satisfied the judgment of record when Wubben paid her $5,753.22. Thereafter, plaintiff brought a malpractice action against W. S. Mortensen and W. L. Mortensen, the doctors who treated her injuries, and in said malpractice complaint it was alleged that the doctors negligently treated her. From a reading of the case, there can be

no question but what these were successive acts of negligence involved and the court said that the independent and successive acts of Wubben (the negligent motorist) and defendant doctors, differing in time and place of commission as well as in nature, produced two separate injuries and gave rise to two distinct causes of action.

Not so in the instant case. The first cause of action against McEwen alleged that he failed to supervise the premises, and secondly, that he maintained a nuisance. The cause of action against SARDC is based upon the same acts and alleged that it was its duty to make the swimming area safe for the public and that it negligently leased said property when it was not safe for the purpose for which it was leased and it was a dangerous condition.

The pretrial order stated that the issues were: (a) liability, (b) damages, (c) negligence, (d) contributory negligence and (e) imputed contributory negligence. The judgment on the verdict was in one form and found in favor of the plaintiff against defendants and each of them in damages in the sum of $12,137. This judgment carried the notation thereon as follows: "Judgment reduced to the sum of $7,637.00 plus costs - per order of court and consent of plaintiff. Filed 1-24-61. This Judgment is fully paid, Satisfied and Discharged the 29th day of March 1961."

SARDC moved for judgment notwithstanding the verdict and "if the same be denied, for a new trial." Since the motion for judgment notwithstanding the verdict was granted, there was no ruling on the alternative motion for a new trial. If the judgment notwithstanding the verdict were reversed on appeal, it would permit the original verdict against SARDC in the sum of $12,137 to stand, without the right of that defendant to have the benefit of the trial court's ruling that the judgment is excessive as indicated by its reduction of the judgment against its joint tortfeasor. This would seem to be unjust and unfair under the circumstances related.

We are convinced that the defendants herein were concurrent joint tortfeasors and not successive joint tortfeasors under the pleadings and evidence.

The general rule is that: ". . . there can be only one satisfaction for any injury; hence *satisfaction* of the judgment by execution sale, or payment by one or more of the joint or concurrent tortfeasors, extinguishes the obligation and discharges the liability of all the others; and par-

tial satisfaction has the effect of a discharge pro tanto."
(2 Witkin, Summary of Cal. Law, § 18, p. 1187.)

In *Royal Indemnity Co.* v. *Olmstead, supra,* 193 F.2d 451, it was held that when a plaintiff secures satisfaction of a judgment against one joint tortfeasor, judgment against other joint tortfeasors is thereby deemed satisfied. ▮ The discharge or satisfaction of a judgment against one of several persons, each of whom is liable for a single harm, discharges each of the others from liability therefor. The discharge on the record of a judgment against any one of several persons liable for a single harm discharges all the others. Likewise, a payment in full by or on behalf of one of the judgment debtors which is accepted by the judgment creditor discharges the others. This is true where no judgment has been obtained against the other tortfeasors, where judgments have been obtained against the other tortfeasors either for the same amount or for larger amounts in separate actions, and where judgments have been obtained against the others in the same action. The rule applies where the tort was the act of one of them for which the others were liable, where all acted in concert, and where the act of each was merely a contributing factor to the harm. It is immaterial whether the one paying was, with reference to one who has not paid, primarily or secondarily liable. (Rest. Torts, § 886. See also *Guho* v. *City of San Diego,* 124 Cal.App. 680 [13 P.2d 387].)

Section 877 of the Code of Civil Procedure, adopted in 1957, involving release of one or more joint tortfeasors is not applicable to the facts in the instant case. It provides that the release must be before judgment. ▮ Except as modified by that section, the rule is that a release of one joint tortfeasor is a release of all. (*Apodaca* v. *Hamilton,* 189 Cal. App.2d 78, 82 [10 Cal.Rptr. 885].)

▮ In our opinion, the acts of the plaintiff are inconsistent with the retention of a right of appeal. The judgment having been satisfied of record, nothing remains from which to appeal. (*In re Baby,* 87 Cal. 200 [25 P. 405; 22 Am.St.Rep. 239]; 1 C.J.S. § 13, p. 483.) Sylvia consented to the reduction of the judgment and thereafter obtained complete and full satisfaction. She has waived her right to appeal. She is estopped to pursue it.

Appeal dismissed.

Coughlin, J., and Brown (Gerald), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 20, 1964.