STONE, J.
 

 This is an appeal from a judgment entered pursuant to a demurrer sustained without leave to amend.
 

 Appellant was injured when her automobile was struck by a vehicle driven by respondent’s minor daughter but owned by a third person. In her first action, appellant sued the minor and the owner of the car but did not join respondent, who had signed his minor daughter’s application for a driver’s license. Before trial, however, appellant filed against respondent a second and separate action based on the same accident, predicating his liability upon Vehicle Code section 17707. The first ease was tried to a jury that brought in a verdict of $4,000 against the minor and the owner of the car. A judgment entered pursuant to the verdict was satisfied in full.
 

 Respondent pleaded the satisfaction of judgment in the first action to which he was not a party, and the trial court held that payment of the judgment satisfied appellant’s cause of action against respondent.
 

 
 *601
 
 Appellant asserts that she should be permitted to press the present action to recover damages suffered after June 23, 1966. Her theory is that the testimony in the first trial reflected that at most she would suffer from her injuries for another four to six months, and her judgment covered only such damages, while in fact she suffered damages for a much longer period.
 

 Appellant argues, first, that since respondent’s liability under Vehicle Code section 17707 is several, an action against him alone is perfectly proper. This statement, correct as far as it goes, overlooks the complete nature of respondent’s liability. By signing his minor daughter’s application for a driver’s license, respondent subjected himself to the vicarious liability imposed by Vehicle Code section 17707, which is a joint and several liability for any damages proximately resulting from the negligence or wilful misconduct of the minor in driving a motor vehicle. Respondent’s liability, although several under section 17707 which permits a separate action against him, was at the same time a joint liability.
 

 Therefore the classic rule that a cause of action is satisfied as to all joint tortfeasors once the injured party is paid for his injury by one joint tortfeasor is applicable. The principle involved and its purpose are explicated by the Supreme Court in
 
 Lamoreux
 
 v.
 
 San Diego etc. Ry. Co.,
 
 48 Cal.2d 617, 624 [311 P.2d 1], as follows: “The rule that the release of one joint tortfeasor releases all the others is intended to prevent double recovery for the injury and is based on the theory that there can be but one compensation for the joint wrong, that each joint tortfeasor is responsible for the whole damage, that the cause of action is satisfied once the injured party is paid for his injury by one of the joint tortfeasors, and that the receipt by the injured party of any sum, if accepted as payment in satisfaction of the cause of action against one joint tortfeasor, is in law full satisfaction as to all joint tortfeasors. ’ ’
 

 Appellant cites a number of cases for the proposition that satisfaction of a judgment against one tortfeasor does not release another independent joint tortfeasor, nor bar a separate action against such independent tortfeasor. But the facts of this ease differ from such eases in that the liability of respondent was not that of an independent tortfeasor; his was a vicarious, joint and several liability imposed upon him by section 17707. Appellant’s cause of action arose from
 
 *602
 
 the same act of negligence as that litigated in the first lawsuit, and it is barred by the satisfaction in full of that judgment.
 

 Appellant next argues that joint liability cannot bar this second action because even against the primary tortfeasor the satisfaction covered damages for only six months beyond the date of trial. The record reveals that the first ease was tried on the traditional theory that plaintiff was seeking to recover for all damages resulting from the accident, past, present and future. Counsel for both sides submitted instructions on all pertinent aspects of damages, including future damages, and the trial court fully instructed the jury accordingly.
 

 Appellant argues that regardless of the theory upon which the case was tried and the nature of the instructions on damage, the only evidence of future damage in the first trial was the testimony of her attending physician who said he believed she (plaintiff) would suffer from her injuries for a period of four to six months from that date, December 23, 1965. A fortiori, reasons appellant, the jury verdict and the judgment thereon covered damages up to June 23, 1966, only, so that damages continuing after that date can be the basis for another action so long as a complaint is filed before the cause of action is tolled by the statute of limitations.
 

 The import of appellant’s argument is that an injured person can split a cause of action if he does so before the statute of limitations runs. The courts of this state are committed to a contrary view. We learn from
 
 McFaddin
 
 v.
 
 H. S. Crocker Co.,
 
 219 Cal.App.2d 585, at page 589 [33 Cal.Rptr. 389]: “ ‘It is well settled in this state that a party may not split a single cause of action, using the same obligation as the basis of separate suits, and that where this is done the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first action. . . .’ [Citation.] This rule is generally applicable with respect to the subsequent litigation
 
 even though the plaintiff was not aware
 
 of the particular elements of damage therein sought to be recovered at the time of the pendency of the prior action.” (Italics added.)
 

 The judgment is affirmed.
 

 Conley, P. J., and Gargano, J., concurred.