[Civ. No. 38138. First Dist., Div. Four. Sept. 24, 1976.]

CEILIA KEMP, Plaintiff and Appellant, v.
CAROL SUE BARNETT, Defendant and Respondent.

## COUNSEL

Schermer & Rand, Michael Goldberg and Jack Goodchild for Plaintiff and Appellant.

Bennett, Van De Poel, Campbell & Strickland, Thomas A. Campbell and J. John Kelly III for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Appellant Ceilia Kemp sued for damages arising out of a collision between her automobile and another driven by Carol Sue Barnett (hereinafter "Carol") and owned by William Barnett (hereinafter "William").

As a result of the collision, appellant suffered personal injuries and property damage in an amount which has not been established. Thereafter, she brought suit against the driver, Carol, and the owner, William.

William and Carol sent to appellant separate and identical offers to compromise, pursuant to Code of Civil Procedure section 998, which

would allow judgment to be taken against each in the sum of $1,500. Appellant accepted William's offer and rejected Carol's. Judgment against William alone in the amount of $1,500 was subsequently entered and satisfied.

Carol moved for a summary judgment, contending that the disposition of appellant's claim against William operated to discharge the claim against her. The court granted a summary judgment of dismissal, and the present appeal followed.

The issue on appeal is whether a tort claimant who settles and discharges a claim founded upon the derivative statutory liability of the owner of an automobile thereby wholly discharges the liability of the driver.

Contributory wrongdoers, whether joint or concurrent, are ordinarily jointly and severally liable for the entire damage. Thus, when they are joined in an action it is improper to apportion compensatory damages among them; judgment for the full amount is usually rendered against all joint tortfeasors. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 35, p. 2333.) There can only be one satisfaction of the judgment. Therefore, payment of the full sum by one or more tortfeasors where all the parties are liable for the same damages extinguishes the obligation and discharges the liability of all the others. (*Watson* v. *McEwen* (1964) 225 Cal.App.2d 771 [37 Cal.Rptr. 677]; Rest., Judgments, § 95.) On a theory of imputed negligence, an owner of a vehicle is made liable for injuries resulting from the negligent operation of the vehicle by any person using it with his consent. (Veh. Code, § 17150.) The owner and operator of a vehicle are considered joint tortfeasors and are jointly and severally liable for the same damages, up to the limit specified in the statute for the owner's liability. (*Heves* v. *Kershaw* (1961) 198 Cal.App.2d 340 [17 Cal.Rptr. 837]; *Dow* v. *Britt* (1974) 37 Cal.App.3d 868, 873 [112 Cal.Rptr. 710]; *Royal Indemnity Co.* v. *Olmstead* (9th Cir. 1951) 193 F.2d 451 [31 A.L.R.2d 635].) A suit may be brought against an owner separately, but the intention of the Legislature, as evidenced by Vehicle Code sections 17152 and 17153, is to encourage joinder of owner and operator in a single suit where possible and to subrogate the owner to the claim of the injured party for any damages recovered from the owner. Under strict joint tortfeasor rules, every tortfeasor is liable for the entire damages; if partial satisfaction of a judgment is received from one, the liability of others is reduced correspondingly.

(*Carr* v. *Cove* (1973) 33 Cal.App.3d 851 [109 Cal.Rptr. 449]; Code Civ. Proc., § 875.) In an action against a motorist responsible for the negligent operation of a vehicle and against the automobile owner, there is one verdict for a single sum against all defendants jointly liable. However, the owner's liability is limited by statute and is not in addition to recovery against the operator. (Veh. Code, § 17151; *Harbor Ins. Co.* v. *Paulson* (1955) 135 Cal.App.2d 22 [286 P.2d 870]; *Heves* v. *Kershaw, supra.*)

The negligent operator is subject to unlimited liability for his own tort. Recourse must first be had against him if possible and the owner who pays is subrogated to the injured party's rights against the operator. (Veh. Code, § 17153.)

Respondent William, as owner of the vehicle driven by Carol, was vicariously liable for her acts; both are considered joint tortfeasors. The question before the court is whether the settlement which released William released Carol as well. In *Royal Indemnity Co.* v. *Olmstead, supra,* 193 F.2d 451, the plaintiff, in a California state court, had secured a judgment against the driver of a rented car in the amount of $31,014. Subsequently, a stipulated judgment against the owner of the rental business was entered. The sum of $3,500 was paid in satisfaction of the stipulated judgment. An action was then brought in federal court against the driver's insurer to recover on the judgment procured against the driver. The insurer claimed that satisfaction of the stipulated judgment as to the owner satisfied the judgment against the driver. The court pointed out that in California the liability of the owner of a car is limited in amount; the owner is not liable for all damage caused by the driver. Thus, while a judgment for a sum less than the statutory limit of liability, where both owner and driver are joined in the same suit, would represent the total permissible recovery of damages, "the judgment against the owner in the instant case cannot represent an adjudication of the total amount of damages suffered by appellee because it was a judgment stipulated by the parties in open court. The amount of the judgment simply indicates the parties' determination of the proportion of the appellee's damages which the owner should pay. In other words, the judgment was, in effect, a compromise by appellee of his claim for *part* only of the damages incurred. His claim for the total amount of damages was not satisfied by the payment of such a judgment. Cf. Restatement, Torts, § 886(b)." (*Id.* at p. 456.)

We are persuaded that the approach adopted by the United States Court of Appeals in *Royal Indemnity Co.* v. *Olmstead* is consistent with the statutory scheme. The liability of the owner is not coextensive with that of the driver; hence, satisfaction of judgment as to the owner discharges the driver only to the extent of payment made. (See Rest., Judgments, § 95, com. c, p. 471.)

The judgment is reversed.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied October 20, 1976, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied December 2, 1976.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.