[Civ. No. 4476. Fifth Dist. Mar. 27, 1981.]

CAROL ANN BURTON, Plaintiff and Appellant, v.
GARDNER MOTORS, INC., Defendant and Respondent.

COUNSEL

Theodore L. Slinkard and Melvin K. Rube for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Coyle & Wayte and Wade M. Hansard for Defendant and Respondent.

OPINION

**BROWN (G. A.), P. J.**—In this personal injury action plaintiff, Carol Ann Burton, appeals from a summary judgment in favor of the defendant, Gardner Motors, Inc. (hereinafter Gardner).

Plaintiff was injured as a result of a collision between an automobile she was driving and an Audi driven by Michael Higginbotham, in which Tenna Chrismer was riding as a passenger. The Audi had been loaned by Gardner to Chrismer for her use while her car was being repaired. In this action for negligently caused injuries, plaintiff sued Higginbotham, Chrismer and Gardner. The complaint alleges several theories of liability against Gardner, including allegations that Gardner was the owner of the car and that it was being negligently operated by

Chrismer and Higginbotham with Gardner's permission and consent. Ownership and permission and consent are admitted. Chrismer and Gardner were served with the summons and complaint, but Higginbotham was not.

Chrismer made an offer of compromise in the sum of $8,500 pursuant to Code of Civil Procedure section 998[1] which was accepted by the plaintiff, and judgment in that sum against Chrismer followed. The judgment was satisfied, and satisfaction of judgment was filed and entered.

Thereafter plaintiff pursued the action against Gardner. Gardner moved for summary judgment on the ground that the satisfaction of judgment against Chrismer precluded pursuing the action against Gardner.[2] The motion was granted and a summary judgment was entered, from which plaintiff has appealed.

Since the critical facts are not in dispute, the summary judgment motion raises legal issues only.

The seminal section establishing liability of owners for the negligent operation of a motor vehicle by persons driving with the owner's permission and consent is Vehicle Code section 17150. It provides: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

---

[1]Code of Civil Procedure section 998 provides in relevant part: "(b) Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is acepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. If such offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial."

[2]The motion proceeded solely on the ground that the action was being pursued against Gardner on the basis of an owner's liability under the California permission and consent statute (Veh. Code, § 17150 et seq.). Gardner filed affidavits negating any employment relationship between Gardner and Chrismer or Higginbotham. These were not disputed. Plaintiff did not oppose the motion in the trial court on the basis that there are any facts supporting any other theory of liability against Gardner. She has not taken a position contrary to that in this court. We therefore assume plaintiff has waived any contention that the action is being pursued against Gardner on any theory of liability other than the permission and consent statute.

■ The legislative intent in enacting the statute imposing vicarious liability upon owners was to protect innocent third parties from careless use of automobiles in situations where it is impossible to collect damages from the negligent operator. (*Peterson* v. *Grieger, Inc.* (1961) 57 Cal.2d 43, 53-56 [17 Cal.Rptr. 828, 367 P.2d 420]; *Southern Pac. Transportation Co.* v. *Dolan* (1972) 27 Cal.App.3d 534, 537-542 [104 Cal.Rptr. 131].) The legislative committee comment to section 17150 explains in pertinent part: "Of course, liability based solely on vehicle ownership and not arising out of a master servant relationship is only a secondary liability that is expressly limited in dollar amount." (Legis. committee com., 66A West's Ann. Veh. Code (1971 ed.) § 17150, p. 110.)

The legislative scheme under the Vehicle Code, commencing with section 17150, is explained in *Kemp* v. *Barnett* (1976) 62 Cal.App.3d 245, 248-249 [132 Cal.Rptr. 823]: "A suit may be brought against an owner separately, but the intention of the Legislature, as evidenced by Vehicle Code sections 17152 and 17153, is to encourage joinder of owner and operator in a single suit where possible and to subrogate the owner to the claim of the injured party for any damages recovered from the owner. Under strict joint tortfeasor rules, every tortfeasor is liable for the entire damages; if partial satisfaction of a judgment is received from one, the liability of others is reduced correspondingly. (*Carr* v. *Cove* (1973) 33 Cal.App.3d 851 [109 Cal.Rptr. 449]; Code Civ. Proc., § 875.) In an action against a motorist responsible for the negligent operation of a vehicle and against the automobile owner, there is one verdict for a single sum against all defendants jointly liable. However, the owner's liability is limited by statute and is not in addition to recovery against the operator. (Veh. Code, § 17151; *Harbor Ins. Co.* v. *Paulson* (1955) 135 Cal.App.2d 22 [286 P.2d 870]; *Heves* v. *Kershaw, supra* [17 Cal.Rptr. 837].)

"The negligent operator is subject to unlimited liability for his own tort. Recourse must first be had against him if possible and the owner who pays is subrogated to the injured party's rights against the operator. (Veh. Code, § 17153.)"

The current limit of liability imposed upon the owner under this statute is $15,000 for injury to one person (see Veh. Code, § 17151, subd. (a)).

The owner and operator of a vehicle are considered joint tortfeasors and are jointly and severally liable for the same damages up to the limit specified in the statute for the owner's liability. (*Kemp* v. *Barnett, supra*, 62 Cal.App.3d 245, 248; *Dow* v. *Britt* (1974) 37 Cal.App.3d 868, 873 [112 Cal.Rptr. 710]; *Heves* v. *Kershaw* (1961) 198 Cal.App. 2d 340, 344-345 [17 Cal.Rptr. 837].) ■ Since there can be only one satisfaction for any injury (*Kemp* v. *Barnett, supra*, at p. 248), a full satisfaction of judgment against one joint tortfeasor extinguishes the obligation and discharges the liability to the injured party of the others. (*Winzler & Kelly* v. *Superior Court* (1975) 48 Cal.App.3d 385, 391-392, 394 [122 Cal.Rptr. 259]; *Savage* v. *Emery* (1967) 255 Cal. App.2d 603, 605-606 [63 Cal.Rptr. 566]; *Watson* v. *McEwen* (1964) 225 Cal.App.2d 771, 774 [37 Cal.Rptr. 677]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) § 37, p. 2335.)

The rule applies "... where no judgment has been obtained against the other tortfeasors ..." and "[t]he rule applies where the tort was the act of one of them for which the others were liable .... It is immaterial whether the one paying was, with reference to one who has not paid, primarily or secondarily liable." (*Watson* v. *McEwen, supra*, 225 Cal. App.2d 771, 775.)

For example, in *Savage* v. *Emery, supra*, the defendant parent had signed the application for his minor daughter's driver's license. There was an automobile accident while the minor daughter was driving a separate owner's car. The injured plaintiff sued the owner and the minor driver and collected full satisfaction of a judgment for $4,000. Plaintiff then sued the parents based upon the fact that the father had signed the minor's driver's license. (Veh. Code, § 17707.)[3] The court held the satisfaction of the judgment in the first action acted as a bar in the action against the father on a theory that all joint tortfeasors were discharged by payment of the judgment by one joint tortfeasor. This was true even though the statutory maximum liability of the discharged tortfeasor is greater than the amount of the satisfied judgment.

In this regard it is also to be noted that the judgment by stipulation has the same effect as a judgment after a trial. (*Avery* v. *Avery* (1970)

---

[3]It is to be noted the rules relating to the effect of a satisfaction of judgment on the joint tortfeasor in an action based on signing a minor's driver's license application (see Veh. Code, § 17707) are the same as those applicable to owner-operator under Vehicle Code section 17150. (See *Dow* v. *Britt, supra*, 37 Cal.App.3d at pp. 872-873.)

10 Cal.App.3d 525, 529 [89 Cal.Rptr. 195]; *Nielsen v. Emerson* (1931) 119 Cal.App. 214, 218 [6 P.2d 281]; *Rogers v. Springfield Fire etc. Ins. Co.* (1928) 92 Cal.App. 537, 541 [268 P. 679]; see also *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213, 221 [142 Cal.Rptr. 563].)

■ Accordingly, since Chrismer and Gardner were joint tortfeasors and plaintiff has accepted the sum of $8,500 in full satisfaction of the judgment against the driver, Gardner is discharged from further responsibility to the plaintiff.

To counter this result appellant cites and relies upon *Kemp v. Barnett, supra*, 62 Cal.App.3d 245. In *Kemp* the plaintiff sued both the owner and driver and both were before the court. The owner stipulated to judgment of $1,500 in favor of the plaintiff and against the owner and satisfied the judgment. The driver moved for summary judgment on the ground the satisfaction of the judgment discharged the driver. The court, after discussing the joint tortfeasor rules and acknowledging they would normally require that result, held that in view of the limited statutory liability of the owner and the unlimited liability of the driver, the driver was discharged only to the extent of the payment made.

Obviously, the *Kemp* case is exactly the opposite of the case now before us. It seems clear that the rule of *Kemp* does not apply where the payment is made by the driver and the owner's liability is fixed, first, by the amount of the driver's liability and, second, by a statutory maximum. (See *Royal Indemnity Co. v. Olmstead* (9th Cir. 1951) 193 F.2d 451 [31 A.L.R.2d 635].)

The result we reach is equitable and fair to the parties and comports with the statutory scheme and purpose. The statute requires the permittee to ". . . be made a party defendant if service of process can be made in a manner sufficient to secure personal jurisdiction over the operator. Upon recovery of judgment, recourse shall first be had against the property of the operator so served." (Veh. Code, § 17152.)

Vehicle Code section 17153 accords to the owner the right of subrogation to all the rights of the person injured against the permittee.

Should we hold that the plaintiff herein could further pursue her claim against Gardner, Gardner's right of subrogation to the rights of the plaintiff against Chrismer would be effectively obliterated by the satisfaction of judgment entered by the plaintiff against the permittee,

Chrismer. A stipulated judgment followed by a satisfaction would be an effective bar against further recovery against Chrismer. (See *Rogers* v. *Springfield Fire etc. Ins. Co., supra,* 92 Cal.App. 537; *Nielsen* v. *Emerson, supra,* 119 Cal.App. 214.)[4]

Appellant also suggests that Code of Civil Procedure section 875, providing for contribution between joint tortfeasors, would operate to permit Gardner to collect from Chrismer. However, that section by its terms applies only "[w]here a money judgment has been rendered jointly against two or more defendants ...." Besides, the section only reimburses the joint tortfeasor to the extent of "dividing the entire judgment equally among all of them." (See Code Civ. Proc., § 876, subd. (a).) It is apparent that the language of the section lends no support to appellant's argument.

Where, as here, both the permittee and the owner are before the court, the permittee by settling with the third party violated the fundamental legislative scheme and policy of the statute as expressed in *Kemp* v. *Barnett, supra,* 62 Cal.App.3d 245, 248-249, and *Cooper* v. *Bray* (1978) 21 Cal.3d 841, 853 [148 Cal.Rptr. 148, 582 P.2d 604]. As explained hereinabove, that policy is to encourage joining the owner and permittee in a single suit, and that a joint judgment for a single sum against all defendants jointly liable be rendered. (See *Kemp* v. *Barnett, supra,* 62 Cal.App.3d 245, 248.) Recourse must first be had against the permittee, if possible, and the owner who is thereafter required to pay any part of the judgment is subrogated to the injured party's rights against the operator. (Veh. Code, §§ 17152, 17153.) Permitting the plaintiff to pursue her claim against Gardner after she has settled her claim with Chrismer would result in Gardner's right to subrogation against Chrismer being impaired and would render meaningless Gardner's right to have the injured person first pursue the permittee at least as to the excess over the settlement amount.

---

[4]Appellant casually suggests that Gardner would, however, have an effective right of subrogation against Higginbotham, the actual operator, of the vehicle since the plaintiff executed no release or satisfaction of judgment as to him. However, Gardner would still be prejudiced as the right of subrogation against a person who is not before the court differs in a variety of important ways from the same right against a person who is before the court and against whom a joint judgment has been entered. Perhaps Higginbotham is judgment proof or cannot be found. Effecting a recovery may require a separate lawsuit with the attendant costs. Moreover, it could well be that the satisfaction entered by the plaintiff against Chrismer may operate to release Higginbotham at least up to the limit of $8,500 payment on the same joint and several tort liability theory that released Gardner.

Appellant relies upon the case of *Broome* v. *Kern Valley Packing Co.* (1935) 6 Cal.App.2d 256 [44 P.2d 430]. In that case both the operator and the owner were parties and were before the court. The jury returned a verdict against the owner but not against the operator. The defendant operator did not ask that the jury be returned to complete the verdict as to the operator. The defendant owner appealed, urging, the verdict and judgment against the owner alone were invalid. The appellate court affirmed the judgment, stating the obligation of the owner to the injured party is direct, with the secondary rights in the owner to have the injured party proceed first against the driver and the right of subrogation against the driver. However, the case makes clear that there was sufficient evidence to support a finding of negligence against the operator, and the right of the owner to require the injured party to proceed first against the operator and the right to have a joint judgment entered had been waived by the failure of the owner to ask that the jury be sent back to complete the verdict.

The court stated, at page 262: "Under these latter provisions the owner would have the right to demand that the jury be directed to pass upon the issue as to the liability of the operator, to the end that he may take advantage of the provision that recourse shall first be had against the property of the operator, or he may proceed under the other clause giving him the right of subrogation.

"Under the authorities above cited we think the appellant here waived his right under the 'recourse' clause by failing to ask that the jury be sent back to complete its verdict and that he was then limited to his right under the 'subrogation' clause."

*Broome* is easily distinguished from the case at bench. Unlike *Broome*, Gardner had no opportunity to object to the separate settlement with Chrismer and therefore did not waive his right to insist Burton proceed jointly against both Chrismer and Gardner for a single sum. (*Aynes* v. *Winans* (1948) 33 Cal.2d 206, 208-209 [200 P.2d 533].) Secondly, unlike *Broome*, the satisfaction of judgment in this case totally obliterated the owner's subrogation rights.

Appellant also relies upon *Davidson* v. *Ealey* (1945) 69 Cal.App.2d 254 [158 P.2d 1000]. In *Davidson* the jury returned a verdict against the owner alone, the injured party having failed to serve the driver though he was available. The owner raised no objection at trial to nonjoinder of the driver. The owner appealed. The court held that the

appellant having failed to interpose timely objections, waived any right he had to require recourse against the operator (see pp. 259-260). Obviously, *Davidson* is distinguishable from the case at bench for the same reasons as *Broome* v. *Kern Valley Packing Co.*

Moreover, the central purpose of the statute to compensate injured third parties for injuries has been satisfied in this case, the extent of the owner's liability having been fixed by virtue of the amount for which the driver settled with Chrismer.

The judgment is affirmed.

Andreen, J., and Allen, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.