[No. B068125. Second Dist., Div. One. July 1, 1993.]

PATRICIA A. WALKER, Plaintiff and Appellant, v.
MICHELLE BELVEDERE, Defendant and Respondent.

**COUNSEL**

Frederick H. Bysshe, Jr., for Plaintiff and Appellant.

Demler, Armstrong & Rowland, Thomas J. Moses, Horvitz & Levy and David S. Ettinger for Defendant and Respondent.

**OPINION**

**ORTEGA, J.**—We find that plaintiff Patricia A. Walker was entitled to entry of a $15,000 judgment against defendant Michelle Belvedere pursuant to statutory liability imposed by the Vehicle Code. We reverse that part of the judgment denying Walker such relief.

### BACKGROUND

In February of 1987, Belvedere and Sydney Jane Allen lived together and were co-owners of the automobile involved in the accident which injured Walker. According to Walker's complaint, Belvedere and Allen spent the evening drinking then decided to harass a woman Allen had been enjoined by court order from contacting. Belvedere, who did not like to drive at night, asked Allen to drive even though Allen was intoxicated. On their way to the woman's home, Allen was involved in a hit-and-run accident. While fleeing

the scene, Allen ran a red light at high speed and broadsided Walker's car, severely injuring her. Walker, a registered nurse, was on her way to work.

Allen died in 1988, so her estate defended the lawsuit. Walker brought two causes of action, negligent operation of the vehicle and negligent entrustment by Belvedere. Allen's negligence was admitted, so the jury was asked to decide only the negligent entrustment cause of action. They found for Belvedere. On the same day, the trial court entered judgment in accordance with the admission of Allen's negligence and the verdict in Belvedere's favor. Walker was awarded $335,000 against Allen's estate. Allen and Belvedere were both covered by the same $100,000 insurance policy.

Two weeks later, Walker asked the trial court to set aside the judgment and enter a new judgment adding recovery against Belvedere under Vehicle Code sections 17150 and 17151, which hold a vehicle owner liable up to $15,000 for a permissive user's negligence. The trial court declined. As a result, Belvedere was the prevailing party, entitled to costs of over $13,000.

Walker appeals, conceding that any judgment against Belvedere has since been satisfied by payment of the insurance policy. The only effect of a judgment against Belvedere would be to eliminate Belvedere's recovery of costs.

The question is whether the judgment against Allen, exceeding Belvedere's statutory $15,000 liability, precluded a judgment against Belvedere. We must also decide whether Walker is entitled to recover on an unpled cause of action.

DISCUSSION

I

■ There is no shortage of cases holding that settlement by the negligent driver for an amount equal to or in excess of the owner's statutory liability, discharges the owner. For example, *Fenley v. Kristoffersen* (1979) 94 Cal.App.3d 139, 141 [156 Cal.Rptr. 187], held that a "$15,000 settlement by plaintiff with the negligent driver discharge[d] the owner's statutory liability under Vehicle Code sections 17150 and 17151." But although speaking of settlement, *Fenley* couched its rationale in terms of payment, by quoting from *Heves v. Kershaw* (1961) 198 Cal.App.2d 340, 344 [17 Cal.Rptr. 837], that " 'any payment made by the operator . . . must be applied first to satisfy the liability of the guarantor [owner].' " (*Fenley v. Kristoffersen, supra,* 94 Cal.App.3d at p. 142.)

Neither *Fenley* nor *Heves* dealt with the effect of a litigated and as yet unsatisfied judgment.

*Kemp* v. *Barnett* (1976) 62 Cal.App.3d 245 [132 Cal.Rptr. 823], held that the owner's settlement did not discharge the claim against the negligent driver, although traditional joint tortfeasor rules would normally require the opposite result. Pointing out, at page 249, that the "negligent operator is subject to unlimited liability for his own tort," while the owner's liability is limited, *Kemp* discussed those traditional concepts of joint and several liability, which led to the principle that joint tortfeasors (pre-Proposition 51 (Civ. Code, § 1431.1 et seq.), of course) are ordinarily jointly and severally liable for the entire damages. "Therefore, payment of the full sum by one or more tortfeasors where all the parties are liable for the same damages extinguishes the obligation and discharges the liability of all the others. . . . The owner and operator of a vehicle are considered joint tortfeasors and are jointly and severally liable for the same damages, up to the limit specified in the statute for the owner's liability. . . . [I]f partial satisfaction of a judgment is received from one [joint tortfeasor], the liability of others is reduced correspondingly." (62 Cal.App.3d at p. 248.)

*Kemp* thus supports the principle that settlement by the operator for a sum in excess of the owner's statutory liability discharges the owner. But again, the tenor of the discussion centers on satisfaction of the judgment.

In *Burton* v. *Gardner Motors, Inc.* (1981) 117 Cal.App.3d 426 [172 Cal.Rptr. 647], the plaintiff settled with the driver for $8,500 and stipulated to a judgment in that amount. The appellate court held that Burton had thus fixed her damages in that amount. (This conclusion is criticized in *Milicevich* v. *Sacramento Medical Center* (1984) 155 Cal.App.3d 997, 1005 [202 Cal.Rptr. 484].) The judgment was satisfied in full by the driver and thus operated to discharge the joint tortfeasor owner. As in the previous cases, satisfaction, rather than mere procurement, of the judgment seems to be the foundation of the reasoning.

The previous cases all involved settlements. *Rashtian* v. *BRAC-BH, Inc.* (1992) 9 Cal.App.4th 1847 [12 Cal.Rptr.2d 411], was litigated to judgment in the trial court. The *Rashtian* appellate court held that "where the operator settles the claim of the injured third party for a sum equal to, or in excess of the amount of the owner's statutory liability, the owner's obligation is discharged. [Citations.]" (*Id.* at p. 1853.) While not making the precise statement that a judgment has the same effect, the court certainly implies strongly that it does.

Echoing *Heves*, *Rashtian* points out that the owner's statutory liability is primary and direct as to the plaintiff, but secondary as between the

owner and the driver. "Because an owner's liability is secondary to that of the operator, the owner essentially serves as a *guarantor* of their joint liability. [Citation.]" (*Rashtian* v. *BRAC-BH, Inc., supra,* 9 Cal.App.4th at pp. 1852-1853.)

In speaking of guaranties and primary liability to the plaintiff, *Rashtian,* although joining previous cases in making the bald statement that settlement extinguishes the owner's obligation, implicitly recognizes that satisfaction of the judgment is the crucial factor. A judgment by itself guarantees nothing. Discussion in all the cases makes it plain that the point of the owner's statutory liability is to see to it that an injured plaintiff has a better chance of getting something by way of compensation. *Broome* v. *Kern Valley Packing Co.* (1935) 6 Cal.App.2d 256 [44 P.2d 430], says the legislation "contains provisions calculated to protect the owner from the results of the operator's negligence in so far as this may be done between those parties without interfering with the rights of the injured party." (*Id.* at p. 261.) "In other words, to the extent it is possible, the plaintiff is to be made whole." (*Lindgren* v. *Baker Engineering Corp.* (1988) 197 Cal.App.3d 1351, 1356 [243 Cal.Rptr. 476] (dis. opn. of Crosby, J.).) Again, satisfaction of the judgment lurks beneath the surface of the discussion.

*Lindgren* seems to use a similar rationale. There, the negligent driver was also the owner. The injured plaintiff settled with the owner, whose insurance carrier paid $25,000. Another "owner" was the company that had sold the car under an installment sale contract. Plaintiff's suit against the company was terminated by summary judgment since the $25,000 payment had discharged its liability. In affirming, the court quoted from *Dow* v. *Britt* (1974) 37 Cal.App.3d 868, 873 [112 Cal.Rptr. 710], " 'that a satisfaction of a judgment against joint tortfeasors operates to release the other joint tortfeasors and . . . partial satisfaction . . . operates to diminish the amount of the claim against other persons liable for the same harm . . . . [Citation.]' " (*Lindgren* v. *Baker Engineering Corp., supra,* 197 Cal.App.3d at p. 1354.)

In *Heves,* the judgment was paid beyond the point of the statutory liability. In *Burton,* the stipulated judgment pursuant to a settlement was paid. In *Lindgren,* the amount called for by the settlement was paid. *Dow* was a case of parents' liability for their minor child under provisions similar to those at issue here. The insurance carrier paid beyond the statutory limitation. *Fenley* doesn't say whether the settlement was satisfied, but the plaintiff dismissed the case with prejudice. This indicates to us the money was paid.

In *Kemp,* the settlement was satisfied, but that means nothing here one way or the other, since *Kemp* involved the opposite of our issue, the driver

unsuccessfully claiming a settlement with the owner discharged the former's liability.

In *Broome*, the plaintiff pursued the owner and the driver. The jury returned a verdict against the owner, but failed to return a verdict either way as to the driver. *Broome* rejected the owner's argument that the absence of a verdict against the driver defeated the judgment against the owner. The case thus involved neither settlement with nor judgment against the negligent driver.

In *Rashtian*, the negligent driver was never served. The owner unsuccessfully appealed the adverse judgment on the basis that Proposition 51 limited its liability.

The common theme throughout is that the injured plaintiff gets one crucial step beyond mere settlement or judgment and receives money from the negligent driver before the owner is let off the hook.

■ "The legislative intent in enacting the statute imposing vicarious liability upon owners was to protect innocent third parties from careless use of automobiles in situations where it is impossible to collect damages from the negligent operator. [Citations.]" (*Burton* v. *Gardner Motors, Inc., supra*, 117 Cal.App.3d at p. 430.) Accordingly, we hold that obtaining a judgment against a negligent permissive driver does not, in and of itself, extinguish the Vehicle Code statutory liability of the vehicle's owner. The Legislature's intention of protecting the injured plaintiff can be accomplished only to the extent the judgment is satisfied.

Here, it is uncontested that the judgment had not yet been satisfied to any extent when Walker asked the trial court for entry of a judgment against Belvedere based on statutory liability. In spite of the existence of an insurance policy, there was no settlement with its implied promise of forthcoming payment. The mere existence of a judgment does not meet the legislative purpose of protecting the injured party first and the owner second. Accordingly, the jury's verdict and consequent judgment did not extinguish Belvedere's liability prior to satisfaction of the judgment to the extent of Belvedere's statutory liability. Walker had proven what she needed in order to secure a Vehicle Code statutory judgment against Belvedere.

## II

■ There remains the fact that Walker did not plead a cause of action for owner's statutory liability, nor did she ask to amend to conform to proof.

"It is a fundamental principle of pleading that 'a plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed by the proofs.' [Citations.]" *Lavely v. Nonemaker* (1931) 212 Cal. 380, 385 [298 P. 976].) However, "[n]o variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been so misled, the Court may order the pleading to be amended upon such terms as may be just." (Code Civ. Proc., § 469.) "Where the variance is not material . . . the court *may direct the fact to be found according to the evidence,* or may order an immediate amendment, without costs." (Code Civ. Proc., § 470, italics added.)

The variance here was not material. Walker's complaint, although not specifically asking for relief under Vehicle Code sections 17150 and 17151, alleged that Belvedere was a co-owner of the car and had asked Allen to drive. Therefore, the elements of the statutory liability were clearly set forth in the complaint. The trial court should have granted Walker's motion to enter judgment accordingly.

Although the Code of Civil Procedure statutes use the word "may," thus committing the matter to the trial court's discretion, the "court must permit an amendment to conform to proof offered by plaintiff where no prejudice results to defendant." (*Trainor v. Maus* (1954) 126 Cal.App.2d 295, 302 [271 P.2d 957], citing *Eckart v. Brown* (1939) 34 Cal.App.2d 182, 188-189 [93 P.2d 212].) We see no reason to come to a different conclusion because a plaintiff's request is instead to "direct the fact to be found according to the evidence" as provided in Code of Civil Procedure section 470. (See *Cobb v. Doggett* (1904) 142 Cal. 142, 144 [75 P. 785]—"[T]he variance was not of a character to mislead the defendant. . . . The court should . . . have . . . found the fact accordingly, or directed an amendment. [Citations.]") Once the fact is found, judgment should be entered accordingly.

There was no prejudice here. Belvedere was on notice throughout of the circumstances surrounding Walker's claim and the statutory liability theory added nothing previously unknown or unexpected. (See *Quezada v. Hart* (1977) 67 Cal.App.3d 754, 760-761 [136 Cal.Rptr. 815]; *Zander v. Texaco, Inc.* (1968) 259 Cal.App.2d 793, 802 [66 Cal.Rptr. 561]; *Wishart v. Claudio* (1962) 207 Cal.App.2d 151, 154 [24 Cal.Rptr. 398].)

We appreciate defense counsel's argument during Walker's motion that plaintiff's counsel "made a tactical decision to not invite an apportionment of fault against my client." "He tactically—he, plaintiff's counsel, tactically

decides I don't want to submit that issue to the jury. You know what they might do? They might think, 'Well, let's find ownership liability since in fact it is not disputed, and then we have done something against Belvedere, but let's don't take up the cause of negligent entrustment against her.' "

But, with the undisputed facts, a motion for directed verdict brought by Walker would have been appropriate. And the trial court need not have actually submitted the matter to the jury. ("[A] judgment entered by the court upon the basis of a special finding where the court is of the opinion that the state of the evidence is such that there is only one judgment which can lawfully be rendered, is to be given the same effect as a judgment entered by the court upon a directed verdict. . . ." (*Umsted* v. *Scofield Eng. Const. Co.* (1928) 203 Cal. 224, 226 [263 P. 799].)) So Walker could have gained no tactical advantage by trying the case the way she did.

We reject Belvedere's contention that Walker has waived any attack on costs by failing to file in the trial court a motion to tax. Walker sought to have the judgment in Belvedere's favor vacated and a new one entered which would have made Belvedere the losing party and completely extinguished costs. There was no waiver.

### DISPOSITION

That portion of the judgment in Belvedere's favor is reversed. The matter is remanded with instructions for the trial court to enter a new judgment finding Belvedere liable in the amount of $15,000 under Vehicle Code sections 17150 and 17151. In all other respects the judgment is affirmed. Walker is to file a satisfaction of judgment with reference to Belvedere's $15,000 liability. Each party is to bear her own costs on appeal.

Spencer, P. J., and Masterson, J., concurred.