[No. A076034. First Dist., Div. Four. Nov. 7, 1997.]

ENTERPRISE RENT-A-CAR COMPANY OF SAN FRANCISCO, Plaintiff and Respondent, v.
WORKMEN'S AUTO INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Leach & English, James L. English and Paula K. Bauer for Defendant and Appellant.

Spray, Gould & Bowers, Robert D. Brugge and Richard C. Turner as Amici Curiae on behalf of Defendant and Appellant.

John M. Boyko for Plaintiff and Respondent.

Hardin, Cook, Loper, Engel & Bergez, Chris P. Lavdiotis, Marshall A. Johnson, Latham & Watkins, G. Andrew Lundberg, Charles S. Treat, Garfield, Tepper, Epstein & Turner, David B. Epstein and Michael R. Weiss as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

HANLON, J.—Defendant Workmen's Auto Insurance Company (appellant) appeals from judgment in an action for declaratory relief and reimbursement of defense costs brought by plaintiff Enterprise Rent-A-Car Company of San Francisco (respondent). The judgment declared that appellant provided primary coverage for Daniel Mitchell, its insured, in the underlying third party action brought in the Solano County Municipal Court, and that respondent, owner and lessor of the vehicle Mitchell was operating at the time of the accident, provided secondary coverage. It also awarded respondent reasonable defense costs in that action, entitled Payne v. Mitchell (Mun. Ct. Solano County). Appellant contends that a car rental company may not avoid responsibility of providing primary liability insurance coverage by depositing cash pursuant to Vehicle Code section 16054.2, subdivision (a), in lieu of purchasing insurance, and disclaiming coverage in the rental agreement. We disagree with that contention and affirm.

### STATEMENT OF FACTS

The case was tried on stipulated facts which we adopt. Respondent is a duly authorized California corporation engaged in the business of short-term car rentals to the public. Respondent meets its California automobile insurance obligations by compliance with Vehicle Code section 16054.2.[1]

Appellant is a duly authorized California corporation doing business as an insurance company which provided a third party liability automobile insurance policy to Daniel Mitchell.

On November 29, 1994, respondent rented an automobile to Daniel Mitchell. On the same date, while he was driving the rental vehicle, Daniel Mitchell was involved in a traffic accident resulting in injuries to Kelley and Katherine Payne. The Paynes presented a claim for injuries and damages arising out of the alleged negligent operation of the rental vehicle by Mitchell. The Paynes also commenced an action in the Solano County Municipal Court. The sole basis of liability asserted against respondent in that lawsuit is its vicarious liability pursuant to Vehicle Code section 17150 as the owner of the rental vehicle, for the alleged negligent acts of Mitchell as the permissive user thereof.

---

[1]Vehicle Code section 16054.2, subdivision (a) provides that proof of financial responsibility may be established "[b]y depositing . . . cash in the amount specified in Section 16056."

## A. *Issue*

 The task before us is to determine the priority of automobile liability insurance coverage as between an insured short term lessor-owner and the insured lessee-driver. Appellant contends that the case of *Grand Rent A Car Corp.* v. *20th Century Ins. Co.* (1994) 25 Cal.App.4th 1242 [31 Cal.Rptr.2d 88] (*Grand*) holds that Insurance Code section 11580.9, subdivision (d) requires that all car rental companies be primarily liable for injuries and damages sustained by third parties. Respondent contends that under the holding of *Interinsurance Exchange* v. *Spectrum Investment Corp.* (1989) 209 Cal.App.3d 1243 [258 Cal.Rptr. 43] (*Spectrum*), Insurance Code section 11580.9 does not resolve the priority dispute and that we must look to the Vehicle Code and the rental contract between the parties to determine primacy.

## B. *Interinsurance Exchange v. Spectrum Investment Corp.*

The facts in *Spectrum* are similar to the case at bar. Spectrum Investment Corporation does business as Budget Rent-A-Car. Budget rented a car to Julie Corcoran who was involved in a traffic accident while she was driving the car. The accident resulted in injuries and claims were filed against Ms. Corcoran and Spectrum. Ms. Corcoran was insured under an automobile liability policy issued by Interinsurance Exchange. In order to comply with the financial responsibility law, Spectrum had filed a certificate of deposit with the California Department of Motor Vehicles, pursuant to Vehicle Code section 16054.2. Interinsurance Exchange brought a declaratory relief action against Spectrum to determine who had the primary duty to defend and indemnify Ms. Corcoran against the damage claims.

Interinsurance Exchange contended that the plain language of the Insurance Code established Spectrum's cash deposit as a policy of automobile liability insurance which extended primary coverage to the renters of its automobiles as permissive users. The *Spectrum* court analyzed the relevant provisions of article 2, chapter 1, part 3, division 2 of the Insurance Code, and it reviewed the legislative history of Insurance Code section 11580.9. That section states in relevant part under subdivision (d), "[W]here two or more policies affording valid and collectible liability insurance apply to the same motor vehicle or vehicles in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which the motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess." The *Spectrum* court concluded that "subdivision

(d) can be applied only where a cash deposit or other form of financial responsibility specified in subdivision (g)[2] describes or rates the vehicle involved in the accident as an owned automobile." (*Spectrum, supra,* 209 Cal.App.3d at p. 1255.) The automobile involved in the accident was not described nor rated as an owned automobile in the cash deposit. The court relied on *Ohio Cas. Ins. Co.* v. *Aetna Ins. Co.* (1978) 85 Cal.App.3d 521, 524 [149 Cal.Rptr. 562], which held that "[d]escription or rating" meant "a particularization of the vehicle."

The *Spectrum* court then reasoned that if Insurance Code section 11580.9 failed to resolve the issue of primary liability, it must be governed by another law. The court directed its attention to Vehicle Code section 17150, which provides that the owner of a motor vehicle is liable for death or injury caused by the negligent act of a permissive driver. However, the imputed negligence of the owner is limited by Vehicle Code section 17151, while the driver's liability is unlimited.[3] As between owner and driver, the owner is subrogated under Vehicle Code section 17153 to the rights of the injured party and may recover from the driver the amount of judgment against it. Therefore, the court concluded that liability of the permissive driver is primary and that of the owner is secondary. (*Spectrum, supra,* 209 Cal.App.3d at p. 1255.)

The *Spectrum* court rejected the contention that Spectrum's cash deposit, as a policy of automobile liability insurance, extends primary coverage to its permissive users, the renters of its automobiles. The court held that the requirements of Insurance Code section 11580.1, subdivision (b)(4),[4] do not apply to a car rental company's cash deposit made pursuant to Vehicle Code section 16054.2 because, by its terms, Insurance Code section 11580.1, subdivision (a)[5] ". . . refers only to policies of automobile liability

---

[2]Insurance Code section 11580.9, subdivision (g) became subdivision (h) by legislative revision in 1994 and reads in pertinent part as follows: "For purposes of this article, a certificate of self-insurance issued pursuant to Section 16053 of the Vehicle Code or a deposit of cash made pursuant to Section 16054.2 of the Vehicle Code . . . shall be considered a policy of automobile liability insurance. . . ."

[3]See *Kemp* v. *Barnett* (1976) 62 Cal.App.3d 245, 248-249 [132 Cal.Rptr. 823].

[4]Insurance Code section 11580.1, subdivision (b)(4) provides in pertinent part: "Every policy of automobile liability insurance to which subdivision (a) applies shall contain all of the following provisions: [¶] . . . [¶] . . . Provision affording insurance to the named insured with respect to any . . . motor vehicle covered by such policy, and to the same extent that insurance is afforded to the named insured, to any other person using such motor vehicle, provided the use is by the named insured or with his or her permission, express or implied, and within the scope of such permission. . . ."

[5]Insurance Code section 11580.1, subdivision (a) provides in relevant part: "No policy of automobile liability insurance described in Section 16054 of the Vehicle Code covering

insurance 'described in section 16054[6] of the Vehicle Code.' " (*Spectrum, supra*, 209 Cal.App.3d at p. 1257.) Thus, Insurance Code section 11580.1 would not apply to cash deposits under Vehicle Code section 16054.2. (209 Cal.App.3d at p. 1258.)

### C. *Grand Rent-A-Car v. 20th Century Ins. Co.*

The court in *Grand, supra*, 25 Cal.App.4th 1242, was faced with the similar underlying facts that were before the court in *Spectrum* and the case at bar. Grand rented specific cars, of which it was the registered owner, to three individuals who were involved in separate automobile accidents while driving the rental cars. The third parties suffered personal injuries in these accidents and made claims against Grand. Each of the renters of the Grand automobiles were insured under their own individual automobile liability insurance policies. The issue, as defined by the court, was whether the car rental agreements, together with Grand's certificate of self-insurance, constituted policies of automobile liability insurance providing primary coverage to renters of Grand automobiles pursuant to Insurance Code section 11580.9. The court analyzed the statutory framework consistent with the analysis of *Spectrum*. It then went on to consider the provisions in the rental policies as creating a policy of liability insurance.

Each of the Grand rental agreements provided in pertinent part: " '*Liability Insurance.* Anyone driving the car as permitted by this Agreement will be protected against liability for causing bodily injury or death to others or damaging the property of someone other than the driver and/or the renter up to the limits stated in box 21 on the other side of this Agreement, but in no event less than the (minimum) financial responsibility limits required by applicable law. Such coverage will be provided by [Grand] according to the terms and subject to all of the conditions of a standard automobile liability policy, . . . [Grand] can provide coverage under a certificate of self-insurance or an insurance policy, or both as [Grand chooses.]" (*Grand, supra*, 25 Cal.App.4th at p. 1246.) The court noted that the car rental agreement described a particular vehicle as the rented car. The description included make, model, color and license number. The liability insurance

---

liability arising out of the ownership, maintenance, or use of the motor vehicle shall be issued or delivered in this state on or after the effective date of this section unless it contains the provisions set forth in subdivision (b). . . ."

[6]Vehicle Code section 16054 provides in relevant part, "Proof [of insurance] may be established by filing with the department satisfactory evidence: [¶] (1) That the owner had an automobile liability policy, a motor vehicle liability policy, or bond in effect at the time of the accident with respect to the driver or the motor vehicle involved in the accident . . . ."

provision referred to the rented car. The liability insurance covered the described rented vehicle and no other. There was no question but that the cars were owned by Grand. So the court concluded that the presumption of Insurance Code section 11580.9 applied and that the Grand policies were primary insurance policies. (25 Cal.App.4th at pp. 1253-1254.)

D. *Discussion*

Appellant contends that *Spectrum, supra*, 209 Cal.App.3d 1243, the case the trial court found controlling, was wrongly decided because legislative intent and *Grand, supra*, 25 Cal.App.4th 1242, establish that a car rental agreement must be considered a primary policy of liability insurance regardless of whether the automobile is rated or described in the cash deposit.

Both the *Spectrum* and *Grand* cases review the legislative history and intent. And both courts conclude that the legislative intent behind Insurance Code section 11580 et seq. was to provide automobile liability insurance for short term rental car companies' vehicles. The issue is: As between the insured renter and the insured rental company, which of the two policies is primary. That is, which is primarily responsible for defense costs and liability.

The Vehicle Code sections discussed and analyzed in *Spectrum* are relevant on the issue of primacy. Vehicle Code section 17152 provides that recourse for judgments against both owner and operator for the negligent operation of the vehicle shall be satisfied first from the operator. Vehicle Code section 17153 provides auto owners with the right of subrogation against a negligent driver for any judgment the owner must pay. And while Vehicle Code section 17150 imposes liability upon vehicle owners without fault for the negligent act of permissive users, that liability is limited by Vehicle Code section 17151, whereas the driver's liability for negligence is not so limited. Under this statutory scheme, "[t]he liability of the owner imposed by Vehicle Code section 17150 is primary and direct as far as the injured third party is concerned. However, as between the owner and the operator such liability is secondary. This conclusion flows from the provisions of Vehicle Code sections 17152 and 17153. [Citation.] Because an owner's liability is secondary to that of the operator, the owner essentially serves as a *guarantor* of their joint liability. [Citation.]" (*Rashtian v. BRAC-BH, Inc.* (1992) 9 Cal.App.4th 1847, 1852-1853 [12 Cal.Rptr.2d 411], fn. omitted.) "Under Vehicle Code section 17153 the owner is subrogated to the rights of the injured party and may recover from the driver the amount of

any judgment recovered against it by the injured party. Thus, the liability of the permissive driver is primary and that of the owner is secondary, as between the two." (*Spectrum, supra,* 209 Cal.App.3d at pp. 1255-1256.)

The *Grand* court held that the indemnity provision together with a vehicle description in the same rental agreement would invoke the prioritization provisions of Insurance Code section 11580.9, subdivision (d) and make Grand primarily liable for both indemnity and defense.

In contrast to the contract in *Grand,* which provided an express indemnification provision, the Enterprise contract contains no indemnity provision and expressly denies liability insurance to its renters. The Enterprise Rent-A-Car rental agreement provides under "Terms and Conditions," section 5: "BODILY INJURY/PROPERTY DAMAGE RESPONSIBILITY TO THIRD PARTIES: [¶] Owner does not provide, extend or afford any insurance coverage to renter, passenger or authorized operator through this agreement. Owner's financial responsibility is expressly limited to those applicable provisions of the motor vehicle financial responsibility laws of the state in which the vehicle is operated." And, similar to *Spectrum,* there is no rating or description of the automobile in the cash deposit.

Holding that the driver's insurance is primary does not defeat the legislative purpose of assuring that someone will be responsible to answer for damages sustained in an automobile accident. The innocent third party claimant is not without a remedy. He or she may look to the driver or the owner of the negligently operated vehicle for recourse. If the driver does not have insurance, the recourse is the liability of the owner for the negligent acts of the permissive user. But that does not change the statutory declaration of primacy. Under Insurance Code section 11580.9, the policy which rates or describes the vehicle is primary. If the vehicle is neither rated nor described in either the owner's or driver's policy then the driver's policy is primary under Vehicle Code sections 17152 and 17153.

Supporting appellant's position are numerous amici curiae who are various automobile liability insurers. In essence, they would have this court hold that every car rental agreement is, as a matter of law, an automobile liability insurance policy providing primary coverage without regard to contractual provisions in the agreement. They urge us to hold that Insurance Code section 11580.9, subdivision (d) creates a conclusive presumption that determines that, regardless of fault, the rental car company's financial responsibility (whether by insurance policy, bond or cash deposit) bears the primary responsibility for payment of loss to third parties. The argument is

answered by the various amici curiae briefs submitted in support of respondent's position. These briefs, submitted by various car rental companies, present several policy arguments, one of which is that to accept the contentions of appellant would require rental car firms to insure motorists without the opportunity to underwrite the risks that they would be forced to assume. They contend that car rental firms are not made primarily liable by Insurance Code section 11580.9, subdivision (d) because they have no indemnity obligations toward their customers, unless they enter an express contractual undertaking such as present in *Grand*.

There is much discussion by both sides and the amici curiae in this litigation regarding the "legislative intent." In 1984, subdivision (g) of section 11580.9 of the Insurance Code was amended by the Legislature to provide that, "[f]or purposes of this article," a deposit of cash made pursuant to Vehicle Code section 16054.2 ". . . shall be considered a policy of automobile liability insurance." (Stats. 1984, ch. 461, § 1, p. 1925, emphasis added.) As *Spectrum* observed, "Defendant's cash deposit is considered a policy of automobile liability insurance for purposes of article 2 of part 3, division 2 of the Insurance Code only." (*Spectrum, supra*, 209 Cal.App.3d at p. 1256.)

And when the Legislature amended Insurance Code section 11580.1 in 1993, it left subdivision (a) unchanged.[7] (Stats. 1993, ch. 408 (Assem. Bill No. 575) § 1.) That section continues to apply only to those policies "described in Section 16054 of the Vehicle Code." As we have discussed above, Vehicle Code section 16054 does not apply to cash deposits made under section 16054.2. With the *Spectrum* decision in effect, the Legislature did not broaden the language of Insurance Code section 11580.1, subdivision (b)(4) to vehicle owners who satisfy their financial responsibility obligations through cash deposits. Likewise, the legislative modification in 1994 to Insurance Code section 11580.9 which added subdivision (g), relating to defense costs, did not amend subdivision (d) which provides a conclusive presumption of primary liability insurance upon the described or rated motor vehicle. (Stats. 1994, ch. 1252, § 1.) ■ "It is a well-established principle of statutory construction that when the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction. Accordingly, reenacted portions of the statute are given the same construction they received before

---

[7]The amendment added the final sentence to the current subdivision (b)(4) of section 11580.1 of the Insurance Code, defining "owned motor vehicle," which is of no importance here.

the amendment." (*Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 734 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161].) Therefore, we find the rationale of the *Spectrum* case continues to be persuasive. .

We hold that where a rental car company complies with Vehicle Code section 16054.2 by providing a cash deposit which neither rates nor describes the rental vehicle, and the rental agreement either does not provide or specifically declines to provide insurance, the driver's automobile policy is primary and the rental company's financial responsibility is secondary.

The judgment is affirmed.

Poché, Acting P. J., and Reardon, J., concurred.

A petition for a rehearing was denied December 4, 1997, and appellant's petition for review by the Supreme Court was denied January 28, 1998.